## MIDLAND SAVINGS & LOAN CO. v. SUTTON et al.

No. 11718—Opinion Filed Oct. 23. 1923.

Rehearing Denied Nov. 20, 1923.

**1. Appeal and Error—Successive Appeals—Law of the Case.**

Upon successive appeals of same case to this court, the law as determined and stated by this court upon the legal questions presented on each appeal becomes and is the law of the case on those questions in all subsequent proceedings, either in the trial court or in this court, and where the facts are practically without dispute and substantially the same on each successive appeal, this court upon the instant appeal will not re-examine such questions as were formerly determined, but will consider only such questions as were reserved in the former decisions and those which are newly presented.

**2. Same—Trial Court Disregarding Law of Case.**

Where trial court, after appeal and decision by this court retries a case upon facts practically without dispute and substantially the same as those presented on such appeal, and makes findings and enters judgment directly contravening such decision upon questions there determined, such findings and judgment are contrary to law, and, in an equitable action, may be disregarded by this court in reaching a final determination in the cause.

**3. Set-Off and Counterclaim — Findings Thereon After Demurrer Sustained.**

Where a counterclaim for damages is filed, based upon attorneys' fees and expenses in a suit instituted by the counterclaimant, and such counterclaim is stricken on demurrer thereto, and where on trial no testimony is introduced under said counterclaim, a finding by the trial court which in effect sets off such counterclaim against plaintiff's claim in the action is without support in the evidence and is contrary to law.

**4. Appeal and Error — Equitable Action—Successive Appeals — Directing Judgment.**

In an action of purely equitable cognizance, where successive appeals have determined the law of the case, and where the instant appeal presents no new question except upon the facts, this court may examine the facts and render or cause to be rendered such decree as the facts and the previously settled law of the case warrant.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Midland Savings & Loan Company, a corporation, against Ellie Sutton, P. F. Sutton, and the Aetna Building & Loan Association, a corporation, to recover the sum of $800, and for subrogation under a mortgage. Judgment for defendants, and plaintiff brings error. Reversed and rendered.

A very clear and satisfactory statement of the facts in this case is contained in a former opinion by this court and is adopted as a statement of the facts herein as follows:

For convenience the plaintiff in error will be referred to as the "Midland Company," and the defendants in error the Aetna Building & Loan Association as the "Aetna Company," and Ellie Sutton and her husband as the "Suttons." The facts in this case are quite complicated, but briefly stated, as far as is necessary for a decision, are as follows: In June, 1908, the Suttons, having in contemplation the improvement of two lots in McAlester owned by them, borrowed $800 from the Midland Company, giving a mortgage on the lots to secure the same. Having decided that the sum thus borrowed would not be sufficient to complete the intended improvements, they borrowed $1,200, in August, 1908, from the Aetna Company, and gave it a mortgage on the same lots to secure the loan. One H. E. Swan was the local agent for both loan companies, and in each instance the money was sent direct to him by draft made payable to the order of him and the Suttons jointly; the arrangement being that each should indorse the draft, and then Swan was to retain the money and pay the same out as the work progressed. Upon the reception of the $1,200 from the Aetna Company by Swan, he was instructed by the Suttons to pay to the Midland Company $800 thereof in full payment of their mortgage. It seems that Swan was rather tenacious of money coming into his hands, and, instead of paying off the $800 mortgage, to put it mildly, retained the money in his own hands. The Suttons, being unable to get what was due them on the loans, on the 13th day of August, 1909, instituted suit against the Midland Company, to which action the Aetna Company was made a party, to have the Midland Company mortgage canceled upon the grounds that they had instructed Swan, whom they alleged was the Midland Company's agent, to apply enough of the funds acquired from the Aetna Company to the payment in full of the Midland Company's mortgage. A trial was had upon this issue in the superior court of McAlester and judgment rendered in favor of the Suttons. The Midland Company took an appeal to the Supreme Court, and there, on December 12, 1911, the judgment was affirmed in favor

of the Suttons. That case turned entirely upon the question whether Swan was the agent of the Suttons or the Midland Company, the court deciding that Swan acted as the agent of the Midland Company. In September, 1910, the Aetna Company through an arrangement with Swan, purchased a $3,000 real estate mortgage, paying therefor $1,500 in addition to their $1,200 mortgage in cash, and in January, 1912, filed a release of the said mortgage given them by the Suttons. At the same time that the Suttons filed their action for cancellation against the Midland Company, they also filed the same kind of action against the Aetna Company. This case did not go to trial, and on October 10, 1912, was dismissed with prejudice.

It is the contention of plaintiff the Midland Company that there having been rendered a final judgment in the aforesaid action holding that Swan was the agent of plaintiff and had received from the Suttons as such agent the sum of $800 obtained by them from the Aetna Company which canceled the mortgage held by plaintiff against the Suttons to secure the payment of its mortgage that Swan being due it the said $800 instead of paying that sum over to them, in fact, paid the money over to the Aetna Company who then proceeded to credit the Suttons with the same and released the mortgage held by the Aetna Company against the Suttons; that the Aetna Company had full knowledge of all the facts in the case and were in duty bound to turn over to the Midland Company the $800 due it instead of giving the Suttons credit for it and for that reason plaintiff claims the right to be subrogated to the rights of the Aetna Company in the mortgage of the Suttons to the Aetna Company and asks that the said mortgage be reinstated, the release held ineffective, and that it have judgment against all of said parties for the amount found due it and a decree of foreclosure of said mortgage.

The Aetna Company contends that there was no privity of contract between it and plaintiff and that it was under no obligation to plaintiff to assist it in the collection of its debt but that its duty was to make itself whole; that its agent, Swan, had failed to pay over the money sent him to be delivered to the Suttons, and that the Suttons had instituted suit for the cancellation of its mortgage on that ground; that plaintiff had purchased a mechanic's lien on the lots in controversy which was a prior lien to its mortgage; that, in order to secure a refund of the money it had turned over to Swan, the Aetna Company was compelled to purchase from the said Swan a real estate mortgage in the sum of $3,000, and had paid $1,500 difference between the same and the $1,200 mortgage.

The Suttons contend that, when the $1,200 was received by Swan from the Aetna Company, they directed him to pay out of this money the amount in full due the Midland Company, and that in this manner the Midland Company was paid, and that they are no longer indebted to it. A counterclaim filed by the Suttons against the Midland covering their attorney fee and expenses in case No. 168, in which they were plaintiffs, was stricken out on demurrer after the former appeal.

Upon trial had in the lower court findings were made by the court adverse to the plaintiff and judgment rendered accordingly. From the judgment so rendered, after unsuccessful motion for new trial, the plaintiff has brought the case here by petition in error and case-made for review.

Robert M. McMillan, A. J. Bryant, and J. M. Taylor, for plaintiff in error.

A. C. Markley and John D. Rogers, for defendant in error the Aetna.

Opinion by LOGSDON, C. This is the third time this case had been before this court on appeal. On the first hearing it was determined that Swan was the agent of plaintiff to receive payment of the mortgage debt, and the judgment of the trial court cancelling plaintiff's mortgage was affirmed. (Midland Savings & Loan Co. v. Sutton et al., 30 Okla. 448, 120 Pac. 1007.) Upon the second appeal (Midland Savings & Loan Co. v. Sutton et al., 55 Okla. 84, 154 Pac. 1133) the law of the case was further settled and determined in the following language:

"To state it concisely, we hold that, at the conclusion of the trial in the former case, Swan stood indebted to the Midland Company for the amount that the Suttons owed it on the note and mortgage executed by the Suttons to the Midland Company, which the Suttons admit was $615, but the Midland Company claims was $800 and interest, a matter not necessary to determine here. When Swan repaid the $1,200 sent him by the Aetna Company for the use of the Suttons, then the Aetna Company became liable to the Midland Company to pay it the sum due it by Swan, and therefore the Midland Company has a right to be subrogated in the mortgage given by the Suttons to the Aetna Company in the amount due it and to have the mortgage restored for that amount and to have a personal judgment against the Aetna Company for the sum due."

These two decisions became and are the law of the case, binding alike upon the trial court in the third trial of the action

and upon this court on this appeal. Mehlin v. Superior Oil & Gas Co., 39 Okla. 565, 136 Pac. 581; Leonard v. Showalter, 41 Okla. 122, 137 Pac. 346; Kingfisher Imp. Co. v. Talley, 51 Okla. 226, 151 Pac. 873; Chickasha Cotton Oil Co. v. Lamb, 58 Okla. 22, 158 Pac. 579; Flesner v. Cooper, 62 Okla. 263, 162 Pac. 1112.

The only questions left open after the second appeal for determination by the trial court are thus stated in the opinion:

"The fact that the Aetna Company obtained securities instead of the actual money from Swan in its effort to have him repay it the $1,200 sent him for the Suttons may be a complication which will have to be met on the retrial of this case, because, if the securities received by it were not worth the sum invested in the same, it seems equitable that it should respond only for the securities' actual value.

"If it be found upon retrial that the Suttons are entitled to damages against the Midland Company, as claimed in their cross-petition, of course this could be offset against their indebtedness to the Midland Company."

These two questions, expressly reserved from the former decisions, are the only proper subjects for consideration on this appeal, and their proper determination should stamp the word "finis" on this prolonged litigation.

As to the first question, the testimony is that the Aetna sent to Swan two checks for $586 each, payable on the joint endorsement of Swan and the Suttons. These totaled $1,172. In the settlement with Swan he was charged with $1,210. Aetna paid $1.500 for a $3,000 mortgage in this settlement, leaving a margin of $328 between what it actually expended and what it received, if the $3,000 mortgage was worth face value. It foreclosed this mortgage at maturity at an expense of $952.83, kept it five years and received net rentals of $436.-29, then sold it in two parcels, the rough land for $1,200 cash and the bottom land for $1,800 on credit, receiving $300 cash thereon. Its account, therefore, on this mortgage transaction stands thus:

| To amt. cash to Sutton, | $1172.00 | |
| To amt. cash to Swan, | 1500.00 | |
| To expense foreclosure, | 952.83 | |
| By profit Swan settlement, | | $ 328.00 |
| By net rentals, | | 436.29 |
| By cash from sales, | | 1500 00 |
| By bal. sale price (secured) | | 1500.00 |
| | $3624.83 | $3764.29 |

It therefore appears that the security received in the Swan settlement was reasonably worth its face value, $3,000.

As to the second question reserved in the former decision, it suffices here to say that the trial court sustained a demurrer to that portion of the answer of the Suttons which set up damages by way of counterclaim to the Midland's cause of action, and no testimony was directed to that issue upon the trial. The Suttons are not here complaining of that action of the trial court and the Aetna cannot do so.

The first paragraph of the court's findings reads:

"That the Suttons had received to their use and benefit from the agent Swan the sum of $468.80."

P. F. Sutton upon the witness stand testified that he had checked his books and checked stubs with those of Swan and that they showed $468.80 paid out of the Midland loan for labor and material for the Suttons, and that a further sum of $146.20 was paid out for them by Swan on a past due loan installment. This made a total of $615 paid out of the Midland loan for the benefit of Sutton, according to his own testimony. Ellie Sutton testified to the same facts as did her husband. Swan testified that the entire loan of $800 was so paid out. These were the only witnesses upon this issue. Therefore, the first finding of the court is contrary to the evidence.

The second finding of the court, to the effect that the Suttons did not connive with the Aetna in its settlement with Swan, is reasonably sustained by the evidence.

The third finding reads:

"That the evidence does not show that the securities obtained by the Aetna from Swan were more than sufficient to discharge the amount of money embezzled by Swan."

The statement of this account above shown, based upon the testimony of the Aetna, shows this finding to be contrary to the evidence.

The fourth finding, in effect, sustains the counterclaim of the Suttons against the Midland, to which a demurrer had been previously sustained, and as to which no proof was offered. This finding is therefore without support in the evidence and is contrary to law.

The fifth finding by the court is in direct conflict with the law of the case as announced by this court on the last appeal, and is therefore contrary to law.

This being an equitable action this court is authorized to examine and consider all the evidence, and, where the judgment is clearly against the weight of the evidence

and contrary to law, to render or cause to be rendered such judgment as the evidence and the law authorize. Pevehouse v. Adams, 52 Ok'a. 495, 153 Pac 65; Marshall v. Grayson, 64 Okla. 45, 166 Pac. 86; Martin v. Bruner, 64 Okla. 82, 166 Pac. 397; Hart v. Frost, 73 Oklahoma, 175 Pac. 257; Lee v. Litt'e, 81 Okla. 168, 197 Pac. 449; Keechi Oil & Gas Co. v. Smith, 81 Okla. 266, 198 Pac. 588.

It is therefore concluded upon the whole case and the law of the case as heretofore announced by this court that the judgment in this case should be:

That the Midland have judgment against the Aetna for the sum of $185, being the balance in Swan's hands from the original Midland loan and which the Aetna took in its settlement with Swan, together with six per cent. interest from September 15, 1910; that the Midland have judgment against the Aetna and the Suttons jointly for the sum of $615, with interest at six per cent. from September 15, 1910, and that the Aetna mortgage on lots 8 and 9, block 390, in McAlester, Okla., be restored and revived for the benefit of the Midland, and that it be subrogated thereunder to the extent of the joint judgment herein rendered against the Aetna and the Suttons, that a foreclosure thereof be decreed, and that the Midland recover its costs.

It is therefore ordered that the trial court vacate the judgment heretofore rendered and enter a decree in conformity herewith.

By the Court: It is so ordered.