## DANIELS v. BUNCH et al.

No. 11992—Opinion Filed Nov. 13, 1923.

Rehearing Denied March 4, 1924.

1. **Appeal and Error—Law of Case—Application by Trial Court.**

A prior adjudication of the identical controversy by this court makes the law of the case, and it is the duty of the trial court to apply said law properly to the facts.

2. **Usury—Indebtedness on Contract—Judgment.**

Where the proper amount of the indebtedness has been ascertained, less double the amount of usurious interest charged, reserved, taken, or received, such amount is the proper basis for judgment.

3. **Usury—Taint of Contract—Provision for Attorney Fees.**

Under the weight of authority, where the penalty for taking, charging, reserving or receiving usury is fixed by statute, such pen-

alty is exclusive, and such usury does not taint a collateral clause of the contract providing for the charging of an attorney's fee, in the event suit is necessarily brought to enforce said obligation.

### 4. Same — Judgment for Balance Legally Due—Interest on Judgment.

Where the trial court properly found the sum of $329 to be the amount of the debt, less double the amount of all usury charged, taken, received, or reserved, and further found that a reasonable attorney's fee should be allowed, a judgment based thereon is not subject to the taint of usury. Such judgment does not bear interest at the contract rate under the contract clause, because the clause of the contract providing for interest is tainted with usury and unenforceable. See Morris v. Purcell Bank & Trust Co. of Purcell, 85 Okla. 45, 204 Pac. 436. Said judgment, under sections 1008 and 1009, Revised Laws 1910, bears interest at the rate of six per centum per annum from the date of rendition. Facts examined in this case, and held, that the trial court should have rendered judgment as of June 29, 1915, for the proper amount of indebtedness, plus a reasonable attorney's fee, and that said judgment should bear interest at the statutory rate of six per centum per annum until paid.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Mary A. Daniels (revived in the name of Royal S. Hoxie, as executor of will of Mary A. Daniels, deceased) against Abel N. Bunch and others. From the judgment, plaintiff brings error. Modified and affirmed.

Womack & Brown and J. C. Counts, for plaintiff in error.

H. B. Lockett, for defendants in error.

Opinion by LYONS, C. This controversy was before this court heretofore in cause No. 7963, Mary A. Daniels, Plaintiff in Error, v. Abel N. Bunch et al., Defendants in Error, 69 Okla. 113, 172 Pac. 1086. This court in its decision in that cause held that the transaction involved therein and herein was usurious, and that the plaintiff had not proved that she was an innocent purchaser without notice of the usurious transaction. Hence the taint of usury affected the contract in plaintiff's hands.

There is now involved here the question of the application of the law of the case to the facts. The applicable statement of the law contained in the former decision is:

"The evidence, however, discloses that in this transaction the three notes, one for $350 and two for $50 each, constituted the principal debt, and were secured by the first mortgage upon the real estate of the defendant. * * * It is now well settled by this court that in enforcing the penalty for 'taking, receiving, reserving and charging' usurious interest prescribed by section 3, article 14, Oklahoma Constitution, and section 1005, Revised Laws 1910, a distinction is made depending upon whether or not the usurious interest had been paid. If usury has been contracted for, but not paid, the penalty may be set up by the defendant by way of a set-off in an action to recover the debt. If the usurious interest has been paid, however, the amount thereof or the penalty prescribed therefor cannot be set up by way of set-off by the defendant in an action to recover the debt, but can only be recovered in a separate action brought for that purpose. * * * It is therefore clear that all the interest contracted for having been paid, except the sum of $21, the trial court erred in deducting more than the sum of $21 from the debt."

The trial court, with this declaration of law to guide it, made the following finding of fact:

"The court further finds that all of the interest charged on the balance of $329 remaining due on the principal note of $350, after the forfeiture and deduction of $21 aforesaid, from the debt for usury, and accruing after the maturity thereof, to wit, ten per cent. per annum thereon from and after May 1, 1913, to this date, amounting to the sum of $237.15 at this date, is usurious and void, for the reason that the rate of interest charged in making said loan exceeded ten per cent. per annum, and that therefore the said ten per cent. interest per annum charged on said balance of $329 of principal note of $350 from and after May 1, 1913, to this date, being interest charged and reserved in said usurious contract, being after the maturity of said debt, should be forfeited and deducted therefrom. The court further finds that the amount of the loan so made to said defendant after deducting the amount heretofore paid by the defendant on same and the $21 aforesaid, for usury and without interest, is $329, the amount of the principal of the loan yet unpaid; and that plaintiff is entitled to recover said sum on the note and mortgage sued on, without interest, and an additional sum of $50 provided for in the mortgage sued on, as an attorney fee."

It will be seen, therefore, that the principal sum of money due on May 1, 1913, without interest and without any charge for an attorney's fee, is the sum of $329. This amount is found by a former decision of this court, also by the trial court, and is conceded by the parties to be correct. The trial court also allowed an attorney's fee to plaintiff in the sum of $50.

The plaintiff in error (plaintiff in the

court below) makes the following contentions:

(a) That since the sum of $329 was the amount of the debt due at maturity, the indebtedness should bear interest under the contract at the rate of ten per cent. per annum after maturity. The sum of $237.15 additional interest is claimed under this theory.

(b) That in the event the foregoing contention is erroneous, that judgment should have been rendered on the 29th day of June, 1915 (the date of the first judgment in this controversy) for $329, plus an attorney's fee and that said judgment should bear interest at the rate of six per cent. per annum.

It is the contention of the defendant in error (defendant in the court below):

(a) That since the contract is usurious, that usury taints the same and forfeits the interest accruing after maturity as well as before.

(b) That no attorney's fee can be allowed in a case of this character since usury taints the collateral agreement to pay an attorney's fee.

Defendant in error further contends that plaintiff's application to the court below to allow interest after maturity in the sum of $237.15 works a forfeiture against the principal debt in a sum double the amount claimed. Since the defendant filed no cross-appeal, this contention is not before us, except by way of argument.

We have reached the following conclusions:

(a) That under the former decision of this court establishing the law of this case, and under the facts found and conceded, the sum of $329, being the principal amount of the debt without interest, and less double the amount of usurious interest, was due on June 29, 1915, the date of the first judgment.

(b) According to the weight of authority, under a statute such as ours, making the effect of usury merely a forfeiture of interest (in double the amount thereof), such usury does not taint a collateral provision of the contract providing for the recovery of a reasonable attorney's fee. 39 Cyc. 990.

(c) Under sections 1008 and 1009, Revised Laws 1910, a judgment in a case of this character should bear interest at the rate of six per cent. per annum, the rate provided by statute. We have in mind the provision of the statute authorizing a judgment on a contract to bear interest at the contract rate, but this statute cannot be ap-

plicable because the clause of the contract providing for interest is tainted with usury and unenforceable for any purpose. See Morris v. Purcell Bank & Trust Co. of Purcell, 85 Okla. 45, 204 Pac. 436. Sections provide generally that all judgments should bear interest at the rate of six per cent. per annum after rendition. These statutes are applicable to this case and the judgment of June 29, 1915, should be treated as bearing interest at the rate of six per cent. per annum from the date of its rendition.

Therefore the judgment of the trial court of June 29, 1915, should have been for the sum of $329 plus a reasonable attorney's fee, and said judgment should bear interest at the rate of six per cent. per annum from said date.

The judgment of the lower court is modified to conform with these views, and, as modified, is affirmed.

By the Court: It is so ordered.