## TACKETT v. BELL.

No. 15426—Opinion Filed Dec. 22, 1925.

1. **Contracts—Modification of Written Contract.**

A written contract may be modified by a written agreement, or an executed oral contract, and not otherwise.

2. **Judgment not Sustained.**

Record examined; held, to be insufficient to support judgment for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Claude Bell for debt against B. T. Tackett. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Womack, Brown & Cund, Watkins & Walsh, and J. H. Foster, for plaintiff in error.

Ledbetter & Ledbetter and Bond & Lewis, for defendant in error.

Opinion by STEPHENSON, C. A written agreement was entered into between Claude Bell as vendor, and B. T. Tackett as vendee, for the sale and purchase of an oil and gas lease covering ten acres of land: (1) The vendor agreed to sell and deliver the oil and gas lease for a consideration of $42,-300; $12.300 to be paid in cash and the balance in deferred payments. (2) The vendor bound himself by the terms of the written assignment to deliver a title to the oil and gas lease free and clear from all incumbrances. (3.) That upon the payment of the consideration named, the written agreement placed with the written assignment should terminate, and the assignment of the oil and gas lease should be delivered to the purchaser.

The written agreement provided that full and complete consideration should be paid to the vendor before the written assignment of the oil and gas lease was delivered to the vendee. The purchaser paid the sum of $22,300 upon the purchase price, and then failed to pay any further sums of money thereon. The written agreement further provided that the purchaser should go into possession of the oil and gas lease from the date of the contract, and operate the lease and receive the oil runs therefrom. It appears that an oral agreement was entered into, whereby the purchaser employed Claude Bell to act as superintendent in the operation of the oil and gas lease, and that the latter acted as superintendent for a period of about five months, and alleges that Tackett is indebted to him in the sum of $1,250 for the services. There was machinery and equipment upon the leased premises for its operation at the time Tackett purchased the property and went into possession of the same.

Claude Bell thereafter commenced his action against the vendee in the district court of Stephens county, for the recovery of the unpaid purchase price in the sum of $20,000, and for his services as superintendent of the oil operation on the lease in question. The petition of plaintiff alleged that he had fully performed the conditions of the written agreement and that Tackett was indebted to him for the remainder of the purchase price of the lease.

The defendant filed his answer in the cause, wherein it was alleged that there was an outstanding, existing mortgage upon the personal property and the lease in the sum of about $35,000, and that the plaintiff had refused to tender to him a title to the lease free and clear of all incumbrances. The answer further alleged other defects in the title. The defendant alleged that the plaintiff had breached the written agreement for the sale of the lease, and prayed the court to appoint a receiver to manage and operate the lease until the rights of the parties could be determined in the litigation. The defendant prayed judgment for the $20,000 paid upon the consideration, and for the sums of money expended in the development and operation of the lease, and

that the same be declared a lien against the property. The court appointed a receiver who took charge and operated the property during the litigation.

The plaintiff filed his reply in the cause, to the effect that the defendant delayed making objections to the condition of the title after knowledge thereof was obtained, for such period of time that the delay amounted to a waiver of the condition that plaintiff was to furnish the defendant title to the lease free and clear of all incumbrances.

The trial court in substance submitted the following interrogatories to the jury: (1) Did the plaintiff agree to furnish the defendant an abstract of title showing the same to be free and clear of all incumbrances? (2) Did the defendant delay an unreasonable length of time in making known the fact to Bell, after he acquired knowledge of the defective condition of the title? The jury answered the first interrogatory in the negative, and the second in the affirmative. The court adopted the answers of the jury and proceeded to enter judgment against the defendant, in substance: (1) That the plaintiff should recover the sum of $23,000 against the defendant. (2) That the plaintiff be given a lien upon the lease and equipment thereon and any moneys in the hands of the receiver to secure the payment of the judgment. (3) That the defendant be given 60 days in which to redeem the property. (4) That upon failure of the defendant to pay the judgment, the property was ordered to be sold in the manner provided by law for the satisfaction of plaintiff's judgment.

The defendant has appealed the cause to this court for review, and the several assignments of error go to the questions of the insufficiency of the law and the evidence to support the judgment against the defendant.

The evidence discloses that a valid mortgage existed upon the property for the sum of about $35,000 at the time the contract of purchase was entered into between the plaintiff and defendant. The mortgage was an existing, valid lien against the property, and prior to any claims of the defendant at the time of the trial of this cause.

It is not material for a decision in this case to add that Tackett did not know of the existence of the mortgage in question at the time the agreement was entered into with Bell. The rights of the parties are to be determined by the written agreements entered into between them and the law applicable thereto.

The answer to Bell's proposition that Tackett waived the provisions of the agreement that the vendor should furnish a title free and clear of incumbrances, is that a written contract may be modified by written agreement or an executed oral contract, and not otherwise. The plaintiff neither pleads nor proves either condition. Section 5081 Comp. St. 1921.

The plaintiff did not own the class of title at the time of the trial of this cause, which he bound himself to deliver to the defendant for the consideration sued for in this case. The pleadings and propositions submitted by the plaintiff in the trial of the cause disclose that he did not intend to tender a title to the defendant different from that which he now owns. The justification offered by the plaintiff for tendering the present title and a title different from that described in the written agreement will not excuse the plaintiff, in law, from meeting the conditions of his contract as evidenced by the written agreement and assignment placed in escrow. The effect of this situation places the plaintiff in default in the performance of the conditions of the written contract between the plaintiff and defendant. Therefore, the defendant is entitled to a rescission of the contract as prayed for in his answer and the relief incidental to such a rescission. The plaintiff makes the point that the defendant did not tender to him the property, as a condition precedent to the right of rescission. The answer to this proposition is, that a portion of the prayer of defendant's answer was that a receiver be appointed by the court to take charge of the property and operate the same pending the determination of the rights of the parties in the litigation. Accordingly the court appointed a receiver and the property was in the custody of the court for disposition according to its judgment at the time the cause was tried.

Since the attitude taken by the plaintiff in this case establishes a breach of the contract upon his part, the defendant is entitled to rescind the sale. The defendant is entitled to judgment against the plaintiff for the several sums of money paid to him on the purchase price, with interest at the rate of 6 per cent. per annum thereon from the date of payment. The defendant is entitled to judgment for such sums of money as will reasonably compensate him for any lasting and valuable improvements made upon the lease while he was in the possession and operation of the lease.

The plaintiff is entitled to judgment for the reasonable value of the oil production

produced from the premises, less the reasonable cost of production during the time defendant was operating the leased premises, and prior to the time the receiver took charge of the operation of the premises. The plaintiff is entitled to recover judgment for such sums of money as will reasonably compensate him for the services rendered the defendant as superintendent of the operation of the lease. The defendant will be entitled to offset his judgment against the plaintiff which he may recover for the items herein referred to. The legal title to the lease should be decreed to be in the plaintiff subject to an equitable lien of the defendant to secure any judgment rendered in his favor in this action.

The equitable lien declared in favor of the defendant will be inferior to the $35,000 mortgage which exists upon the property at the time the agreement was entered into. The holder of the mortgage should be made a party to the action so that the rights of all parties may be protected. It will be the duty of the court to make such order of sale as is proper according to law, and cause the property to be sold and the proceeds applied according to the law and judgment of the court.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 594. § 610; 6 R. C. L. p. 914; 2 R. C. L. Supp. p. 243; 4 R. C. L. Supp. p. 450.