Note.—See under (1) 36 Cyc. pp. 1017, 1060, 1102. (2) 28 Cyc. p. 1157 (Anno); 36 Cyc. pp. 970, 1005, 1037, 1064. (3) 28 Cyc. p. 1105 (Anno). (4) 28 Cyc. pp. 986, 988 (Anno). (5) 28 Cyc. p. 1188. (6) 28 Cyc. p. 1190 (Anno).

## DERR v. CITY OF FAIRVIEW.

No. 16770—Opinion Filed June 1, 1926.

(Syllabus.)

1. **Municipal Corporations—Public Parks— Invalidity of Lease by City for Private Gain.**

Where a public park is by the city dedicated to the public for recreation purposes, the same thereby becomes a public utility, and so long as it remains such, the city is without authority to lease a portion of such park for a period of 25 years for private gain and profit.

2. **Same—Liability of City for Damages to Lessee for Forcibly Taking Improvements.**

Where the city enters into such a lease, and the lessee makes valuable improvements thereon, and thereafter the city forcibly takes possession of such property and uses it to its own benefit and purpose, the city is liable for the reasonable value of such property.

Error from District Court, Major County; Charles Swindall, Judge.

Action by Charles T. Derr against the City of Fairview. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Twyford & Smith, C. B. Wood, and Tom E. Willis, for plaintiff in error.

Carl Kruse, for defendant in error.

LESTER, J. The parties appear the same as in the court below. The plaintiff brought suit against the defendant, city of Fairview, in the district court of Major county, Okla., for damages on account of a breach of a certain written contract entered into between plaintiff and defendant. The defendant interposed a demurrer to the plaintiff's petition, which was by the court sustained. The plaintiff elected to stand upon his petition and judgment was rendered for the defendant, from which the plaintiff prosecutes this appeal to reverse the same.

The contract between the plaintiff and defendant, upon which this suit was instituted, is in part the following:

"This contract and agreement made and entered into this 1st day of August, 1921, by and between city of Fairview, a municipal corporation, party of the first part, and Charles T. Derr, party of the second, witnesseth:

"That for and in consideration of the sums to be paid by second party and the covenants on his part to be performed and as are hereinafter set forth, the first party hereby contracts and leases unto said second party site and ground for a swimming pool to be constructed by second party in the southwest corner of the park owned by said first party:

"That said lease contract is to terminate on the 31st day of August, 1946, at which time second party may remove all buildings and material placed on said property by him.

"That said first party is to furnish to second party water not to exceed the sum of six million gallons and electricity not to exceed eighteen hundred K. W. per season, for the sum of $37.50, and second party to pay for any additional amount of water the sum of fifteen cents per M. gallons and for each additional amount of electricity the sum of ten cents per K. W., said sums to be due and payable to said first party annually on the 31st day of December.

"It is further agreed that the first party will not grant to any other person, firm or corporation the right to build and operate a swimming pool in said park during the life of this contract."

The plaintiff in his petition stated and alleged:

"That said defendant did wrongfully, unlawfully, and against the will and consent of the plaintiff, cut off the water and electric connections which were being used in the maintenance of the said swimming pool by the plaintiff, and then and there and ever since said time has refused to furnish electric juice and water as required of it under the terms of said written contract."

And on account of such breach, the plaintiff prayed for recovery of $44,000 judgment against the defendant. Plaintiff in his second cause of action further alleged:

"After the said defendant had cut off the electric current and water and refused to furnish the same as set forth in the first cause of action of this petition, and on to wit, the — day of April, 1925, the said defendant by and through its mayor, city marshal and other officers, did unlawfully, and without the consent and against the will of plaintiff, the true owner, violently and by means of force and arms and by means of false keys break and enter into the plaintiff's property as aforesaid and take

forcible and unlawful possession thereof, and ever since said date has occupied and used the same to the exclusion of the plaintiff and contrary to the plaintiff's rights, ownership and possession thereof."

The first proposition to be determined in plaintiff's first cause of action is whether or not the contract between the plaintiff and defendant was such a contract that was binding and enforcible upon the defendant.

Section 4507, C. O. S. 1921, provides that a city may acquire real estate for public park purposes. In the case of Barnes, Mayor, et al. v. Hill, 23 Okla. 207, 99 Pac. 927, syllabus No. 1 in said opinion is as follows:

"A public park is a public utility within the meaning of that term as used in section 27 of article 10 of the Constitution."

In the case of the City National Bank of Ft. Smith, Ark. v. Incorporated Town of Kiowa, 104 Okla. 161, 230 Pac. 894, it is said:

"There is a clear distinction, recognized by practically all authorities, between property purchased and held by municipal corporations for the use of the corporation as an entity, and that purchased and held by such corporation for the public use and benefit of its citizens. In other words, its title to and power of disposition of property acquired for strictly corporate uses and purposes are different from its title to and power of disposition of property acquired for and actually dedicated to the public use of its inhabitants. As to the former class the power of the corporation to dispose of it is unquestioned. The rule is different as to the latter class. It is only when the public use has been abandoned, or the property has become unsuitable or inadequate for the purpose to which it was dedicated, that a power of disposition is recognized in the corporation. 19 R. C. L., p. 172, par. 78; Tiedeman on Mun. Corp., sec. 208; 28 Cyc. p. 623, par. 3; 2 Dillon on Mun. Corp., sec. 575. And the granting of a franchise or the making of a contract for the exercise of the public functions to which the property was originally dedicated is not an abandonment. * * * If municipal authorities are thus expressly prohibited from selling an interest in such public utility, even for the purpose of effectuating competent management and control, it must follow indubitably that the larger power of complete disposition is not to be implied. And the reason for this is obvious. It would open a door for the exploitation of the public through collusive sales of municipally owned public utilities. Not that this result would follow in any particular case, but that it might do so, is sufficient reason for the public policy which forbids it."

In the case of Nebraska City v. Nebraska City Speed & Fair Association, 186 N. W.

374, it appears that the board of park commissioners of Nebraska City, Neb., entered into a certain agreement with the Nebraska City Speed & Fair Association, which agreement was ratified by the city council of the city of Nebraska. This agreement provided that in consideration of the Nebraska City Speed & Fair Association constructing and maintaining a race track in said park, the board of park commissioners, for themselves as such board and for said city, did grant the said association for a term of 25 years certain grounds which were included in the park owned by the city. In an action brought by the city for the recovery of the premises, the court said:

"The city had power to grant to appellee a license or concession to hold in said park race-meets, for short periods of time, for the entertainment of the public, the same as it might grant a concession for providing refreshments or any other amusement for the public.

"* * * But it is invalid and void so far as it attempts to give to said Nebraska City Speed & Fair Association the use and control of said race track and grounds of said park during the times the same are not used for the purpose of providing such entertainment. When not so used the supervision, maintenance and control of the same must be in the city by its proper officers. Upon ceasing to conduct such entertainment or termination by the city of said concession, appellee Nebraska City Speed & Fair Association would have the right to remove all buildings in said park owned by it, provided such removal did not injure the premises for the use by the public as a park. The race track, however, should remain uninjured for a public driveway in said park. The said acts of appellee in assuming and exercising the exclusive use, management and control of all that portion of said park south of Table creek was an ouster by it of the public and of the appellant therefrom. Appellant is entitled to recover the possession of said premises from appellees for use of the same by the public. The finding and judgment should have been for plaintiff."

The plaintiff cites the case of Baily v. City of Topeka, 97 Kan. 327, 154 Pac. 1014, in which it is said:

"The exclusive character of the privilege conferred is not the basis of any legitimate objection; for, as no one has a right to engage in the activities referred to except by permission of the city, no one is wronged by the monopoly created. The concessions granted do not amount to the leasing of any part of the park. State ex rel. Wood v. Schweiekardt, 109 Mo. 496, 19 S. W. 47."

Thus, it clearly appears from the said opinion that it does not support the plain-

tiff's contention, for the reason that in the instant case the contract is clearly one of leasing on the part of the city of a portion of the city park. We are therefore of the opinion that the lease by the city of Fairview to the plaintiff of a portion of said park for a period of 25 years, in which the plaintiff was given the exclusive right and control of said land so leased, amounted to an ouster of the public from said land and premises by the plaintiff. And therefore said lease is invalid; for, if the city had the right to exclude the public for a period of 25 years from a portion of the land dedicated to public uses and purposes, it could likewise exclude the public from the entire tract of land so dedicated to the public use. And we therefore conclude that the court was correct in sustaining the demurrer to the plaintiff's first cause of action.

We next come to the second cause of action contained in plaintiff's petition, in which he alleged in part the following:

"That said defendant, by, and through its mayor, city marshal and other officers, did unlawfully, and without the consent and against the will of plaintiff, the true owner, violently and by means of force and arms and by means of false keys break and enter into the plaintiff's property as aforesaid and take forcible and unlawful possession thereof, and ever since said date has occupied and used the same to the exclusion of the plaintiff and contrary to the plaintiff's rights, ownership and possession thereof."

It is urged by the defendant in its brief that the plaintiff was a trespasser, and therefore his possession of the portion of the said park constituted a nuisance, which the city, through its officers, had the right to abate. To this proposition we cannot agree. The plaintiff was in peaceable possession of the defendant's property, by and through consent of the defendant, and while we hold that the contract was invalid, yet the law would not, under these circumstances, permit the defendant to forcibly take charge of the property placed on defendant's lands, use the same to its own benefit, and then hold that the plaintiff was without a remedy; and while the second cause of action, as pleaded and stated by the plaintiff in his petition, may be subject to criticism, we do not think that it is subject to attack by demurrer. The contract between the plaintiff and defendant was invalid, but the plaintiff was in possession by and through the consent of the defendant, and was therefore a licensee, subject to removal by lawful processes of the court, and the defendant was without an-

thority to take possession of said property and derive benefits therefrom without remunerating the plaintiff for its reasonable value.

We therefore hold that the plaintiff is entitled to recover as damages the value of the property taken by the city for its own use and benefit, but that he cannot recover exemplary damages as prayed for in his petition.

The cause is remanded, with directions to proceed with cause in conformity to the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, HUNT, and RILEY, JJ., concur.