## CARROLL v. WORLEY.

No. 17642. Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 18, 1927.

(Syllabus.)

**1. Appeal and Error—Successive Appeals —Law of the Case—Scope of Review.**

Upon successive appeals of same case to this court, the law, as determined and stated by this court upon the legal questions presented on each appeal, becomes and is the law of the case on those questions in all subsequent proceedings, either in the trial court or in this court, and where the facts are practically without dispute and substantially the same on each successive appeal, this court upon the instant appeal will not re-examine such questions as were formerly determined, but will consider only such questions as were reserved in the former decisions and those which are newly presented.

**2. Appeal and Error—Questions of Fact —Conclusiveness of Findings.**

Where questions of fact are presented to the trial court in the absence of a jury, the court's finding and judgment thereon will not be disturbed on appeal where there is any evidence reasonably tending to support the same.

Error from District Court, Kay County; Claude Duval, Judge.

Action by H. F. Worley against Evelyn Carroll Judgment for plaintiff, and defendant appeals. Affirmed.

Sam K. Sullivan. Neal A. Sullivan, and R. J. Shive, for plaintiff in error.

Woodward & Westhafer, N. E. McNeill, and David L. Carter, for defendant in error.

PHELPS, J. Evelyn Carroll, plaintiff in error, owned an oil and gas mining lease covering certain real estate located in Kay county. She entered into a contract with H. F. Worley, defendant in error, by the terms of which she agreed to give him exclusive agency to procure and negotiate a drilling contract for the purpose of developing said lease, such agency to extend for a period of 60 days, and his compensation therefor to be a specified interest in the lease. Worley claimed to have procured a contract meeting all the requirements and to have presented it to plaintiff in error, who refused to accept and sign the same. He then brought suit in the district court of Kay county praying judgment requiring her to convey to him such interest in said lease. Judgment was rendered in his favor, and Mrs. Carroll comes here on appeal.

This is the second time this case has reached this court. In the first trial in the district court a demurrer was sustained to Worley's evidence, from which he appealed, and in reversing the judgment of the district court, the opinion of this court settled practically all questions involved except questions of fact to be determined at a subsequent trial. (Worley v. Carroll, 110 Okla. 199, 237 Pac. 120.)

The petition in error contains eight assignments of error, but they are presented under two propositions, the first of which is that the contract sought to be enforced is null and void for the reason that it had never been approved by the Secretary of the Interior, the lands covered by said lease being Indian lands. This question, however, was fully briefed in the former appeal, and, in an exhaustive opinion by Mr. Commissioner Lyons, was decided adversely to the contention made here by plaintiff in error. This counsel admit on page 50 of their brief, but insist that that opinion was wrong and should be overruled.

We have carefully examined the former opinion, as well as the record in the instant case, and see no good reason why the rule laid down in that opinion should be disturbed. as it. in our judgment, clearly states the law. Therefore, under the law as announced in Midland Saving & Loan Co. v. Sutton, 93 Okla. 230. 220 Pac. 663, and Daniels v. Bunch. 98 Okla. 47. 223 Pac. 841, this court, as well as the trial court, is bound by the law as announced in the opinion disposing of the former appeal. We,

therefore, adhere to the law as announced in that opinion without taking the time and space to restate it here.

Having reached this conclusion, the only other question to be disposed of here is whether there is any evidence reasonably tending to support the judgment of the trial court in the instant case. Under the second proposition presented by counsel for plaintiff in error they contend that the evidence fails to show that the plaintiff complied with the terms of the contract, and, further, that if the evidence does show a compliance with the terms of the contract, it is untrue.

An examination of the record convinces us that there is ample evidence to support the conclusion of the trial court, and as to whether the evidence was true was a question solely for the determination of the trial judge, who saw and heard the witnesses while upon the witness stand.

It is contended by defendant in error that he procured the drilling contract on the last day before the expiration of his exclusive agency and submitted the terms thereof to plaintiff in error and that she agreed thereto, but that the written contract was not submitted to her for her signature until the following day. This she denied, which made a question of fact to be determined by the trial court. That question, as well as the question as to the truthfulness of the testimony, having been by the trial court decided adversely to plaintiff in error, under the well-settled law of this state we shall not disturb the same, and the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. pp. 1093, 1095, §3075; anno. 34 L. R. A. 343; 1 A. L. R. 1267; 8 A. L. R. 1033; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 460; 4 R. C. L. Supp. p. 95; 5 R. C. L. Supp. p. 84; 6 R. C. L. Supp. p. 78. (2) 4 C. J. p. 879, §2853; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.