## BELL v. TACKETT.

No. 18816.  Opinion Filed Dec. 11, 1928.

W. G. Davidson and Bond & Bond, for plaintiff in error.

J. H. Foster and Womack, Brown & Cund, for defendant in error.

MASON, V. C. J.  This is the second appeal in this case.  The parties occupy the same position herein as in the trial court.  The plaintiff, Bell, as vendor, and defendant, Tackett, as vendee, entered into a written agreement on February 27, 1922, for the sale and purchase of an oil and gas lease covering ten acres of land in Stephens county for a consideration of $42,300, of which $12,300 was paid at the time and the balance was to be paid in deferred payments.

The contract, with assignment of the lease, was placed in escrow in the Corsicana National Bank of Corsicana, Tex., to be delivered to Tackett upon full payment of the purchase price.  Tackett, under the terms of the contract, entered into immediate possession of the lease and employed Bell to act as superintendent in its operation and development.

After Tackett had paid $22,300 on the purchase price, he discovered that the lease was heavily incumbered with a mortgage in favor of the Continental Supply Company and refused to pay the balance due on the purchase price.  Thereafter, this action was commenced by Bell against Tackett for the recovery of the balance of the purchase price in the sum of $20,000 and for the additional sum of $1 250 for salary as superintendent.

Plaintiff alleged that he had fully performed the conditions of the written contract and that Tackett was indebted to him for the balance of the purchase price.

Tackett filed answer, alleging that there was an outstanding mortgage on the property of $35 000 in favor of the Continental Supply Company and that plaintiff had re-

fused to tender him title to the lease free and clear of all incumbrances as provided in the contract. By way of cross-action, Tackett asked for a rescission of the contract and for the recovery of $23,300 paid on the purchase price and for further sums expended in development and operation of the lease.

Trial upon the issues thus formed resulted in judgment for the plaintiff, Bell, in the sum of $23,000, from which the defendant appealed to this court.

This court, on appeal, found that Tackett was entitled to rescind the contract, and was further entitled to judgment against Bell for the several sums of money paid him on the purchase price, with interest at the rate of 6 per cent. per annum from date of said payments; and for such sums of money as would reasonably compensate him for any lasting and valuable improvements made upon the lease while he was in possession and operation thereof.

The court further found that the plaintiff, Bell, was entitled to judgment for the value of all oil produced from the premises, less the reasonable cost of production, during the time Tackett was operating the property prior to the time the receiver took charge, and for such further sums of money as would reasonably compensate him for the services rendered the defendant as superintendent of said lease. The court further held that the amounts due each of said parties should be offset against the amount of the other, and reversed and remanded the cause with directions that the trial court proceed in accordance with the views expressed in the opinion. See Tackett v. Bell, 117 Okla. 15, 244 Pac. 164.

A second trial was had in pursuance to the mandate and opinion of the Supreme Court, and the trial court found that after deduction of the sums of money to which the plaintiff was entitled, the defendant, Tackett, should recover the sum of $26,631.-55, and judgment was rendered accordingly, from which the plaintiff appeals.

Counsel for plaintiff in error call our attention to the stipulation of counsel for both parties as to the use of the record in the former appeal as a part of the record herein, and then proceed to find fault with the former opinion and to re-argue issues decided therein. This court, as well as the trial court, is bound by the law as announced in the opinion disposing of a former appeal in a case, and, therefore, we will not discuss such questions attempted to be presented by counsel herein. See Midland Savings & Loan Co. v. Sutton, 93 Okla. 230, 220 Pac. 663; Daniels v. Bunch, 98 Okla. 47, 223 Pac. 841; Corbin et al. v. Bucy, 133 Okla. 193, 271 Pac. 948; Carroll v. Worley, 127 Okla. 173, 260 Pac. 3.

In the latter case, the first paragraph of the syllabus reads as follows:

"Upon successive appeals of same case to this court, the law, as determined and stated by this court upon the legal questions presented on each appeal, becomes and is the law of the case on those questions in all subsequent proceedings, either in the trial court or in this court, and where the facts are practically without dispute and substantially the same on each successive appeal, this court upon the instant appeal will not re-examine such questions as were formerly determined, but will consider only such questions as were reserved in the former decisions and those which are newly presented."

Under the former opinion, the only questions properly submitted and decided by the second trial were:

(1) The amount of money expended by Tackett in the operation of the lease and in placing valuable improvements thereon.

(2) The reasonable value of the oil produced from the premises during the time Tackett was in possession.

(3) The value of Bell's services as superintendent of operation for the time he was employed by Tackett.

Evidence supporting these questions was presented by the parties, and judgment of the trial court was rendered as aforesaid.

For reversal, counsel for plaintiff in error next contend that the trial court erred in admitting the testimony of the defendant's witness, M. E. Wallace, regarding his examination of certain vouchers, checks, and books evidencing expenditures by defendant in the operation and development of the lease in controversy, and in the admission in evidence of the audit prepared by said witness showing amounts paid by Tackett to Bell on the purchase price, and expenditures made in development and operation of the lease during Tackett's possession, and also showing the credits to which Bell was entitled.

Counsel objected to this evidence in the trial court after a showing that the witness was not a certified accountant under sections 10922 to 10928, article 10, chapter 87, C. O. S. 1921. We decline to hold that such evidence of a person, otherwise qualified,

would be incompetent by such failure to comply with said statutory provisions, inasmuch as said sections have heretofore been held unconstitutional by this court in the case of State ex rel. Short v. Riedell, 109 Okla. 35, 233 Pac. 684.

Such testimony is generally classed as opinion or expert testimony and its admission is left largely to the discretion of the trial court.

In Phoenix Insurance Co. v. School District No. 132 of Comanche County, 102 Okla. 251, 228 Pac. 489, the rule is announced in the first paragraph of the syllabus as follows:

"Whether or not the qualifications of a witness with respect to knowledge or special experience is sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final, and will not be disturbed by an appellate court except in extreme cases where it is manifest that the trial court has fallen into extreme error or has abused its discretion, and that prejudice to the complaining party has resulted, even though the appellate court might have decided differently if the question had been presented to it in the first instance."

In the instant case, it appears that the witness, Wallace, was a public accountant in the state of Texas and had been engaged in such profession for a period of twelve years. The trial court, in passing upon said objection, stated that he would permit the witness to testify in order to simplify matters, with the understanding that the defendant, Tackett, should take the stand and identify each check and voucher upon which the audit was based, and of which several hundred were subsequently introduced in evidence.

It is not amiss to call attention to the fact that the record discloses that with few exceptions each check covering an expenditure was attached to a voucher prepared by the plaintiff, Bell, and those not covered by voucher or invoice were identified by Tackett, who testified as to the nature of the expenditure.

Where the results of voluminous facts contained in writings, or of the examination of many books and papers or records, are to be proved, and the necessary examination of this documentary evidence cannot be conveniently or satisfactorily made in court, it may be made by an expert accountant or other competent person and the results thereof may be proved by him, if the books, papers, or records themselves are properly

in evidence, or their absence satisfactorily explained, the admission of such testimony being a matter resting largely in the discretion of the trial court. 22 C. J. 1017.

The jury, or the court, in the absence of a jury, would not be bound by the results thus ascertained, but might make their own calculations from the evidence. 22 C. J. 1017.

It appears that the trial court, in the case at bar, was not controlled by said audit, but by the books, vouchers, and checks in evidence, as the judgment rendered was for only $26,631.55, while the audit showed the amount due to be $35,156.-58.

We must conclude that the trial court did not err in the admission of said evidence.

Some complaint is also made that the evidence offered in the trial court, as to the amount due each party by the other, is insufficient to show the defendant entitled to a judgment in the sum of $26,631.55. Counsel, in their brief, do not show the court where there was error in the computation of the amounts, and make no specific objection as to any of the items upon which the court's judgment was predicated. Neither does the record disclose that a request for special findings of fact and conclusions of law was made in the trial court. In the absence of any showing wherein said judgment is erroneous, we must indulge all presumptions in favor of its validity.

It is next contended that the four wells drilled by the defendant, Tackett, on said lease, in addition to the five which were being operated at the time said contract was entered into, were unnecessary and did not enhance the value of the lease, and that Tackett, therefore, was not entitled to receive credit for the cost thereof. This contention is based upon the testimony of the plaintiff, Bell, that said wells were unnecessary and did not enhance the value of the lease.

The defendant, Tackett, testified, however, that they were necessary; that they were drilled upon the advice of Bell, who was the superintendent, and that they did increase the production and enhance the value of the lease.

The evidence in the case discloses that said lease had two oil bearing sands and one gas bearing sand and that what were known as "twin wells" were drilled. That is, wells near each other, but drilled to different sands. The evidence also disclosed

that this was customary on adjoining leases.

This court, on appeal, is not called upon to determine the credibility of the witnesses, but from an examination of the entire record herein, we are of the opinion that the judgment of the trial court, that said wells were necessary and that the improvements were made in good faith and enhanced the value of the property, is supported by ample evidence.

The judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., and HARRISON, LESTER, and HUNT, JJ., concur.