## CITY OF FAIRVIEW v. DERR.

No. 19092. Opinion Filed Oct. 15, 1929.

Rehearing Denied Nov. 26, 1929.

John Butler and P. C. Freisen, for plaintiff in error.

Tom E. Willis, C. B. Wood, and Twyford & Smith, for defendant in error.

JEFFREY, C. On the first day of August, 1921, the city of Fairview, Okla., herein called defendant, entered into a written contract with Charles T. Derr, herein referred to as plaintiff, whereby plaintiff was permitted to build and construct a swimming pool and bath house in a public park owned by defendant. The contract provided that defendant should furnish plaintiff water and electricity within certain limits for the sum of $37.50 per year, and further provided that, upon the expiration of the contract, plaintiff may remove all buildings and material placed on the park site. Plaintiff made an excavation and constructed a swimming pool of a concrete mixture approximately 50 feet by 100 feet, and also built a bath house including shower baths on the park site. This was operated two seasons, and upon a change of city administration, the city refused to furnish water and lights unless plaintiff would pay the rate charged other users. This plaintiff refused to do, and the defendant cut off water and electric service. More than a year later plaintiff began this action against the defendant. There were two causes of action in the petition. The first cause of action was for damages for breach of the contract. The second cause of action alleged that the defendant, through its officers, by force and without the consent of plaintiff broke and entered plaintiff's property consisting of the swimming pool and bath house, unlawfully took possession thereof, and occupied the same to the exclusion of plaintiff. Plaintiff then asked for damages for the loss of the use of said property. The trial court sustained a demurrer to plaintiff's petition and plaintiff appealed to this court, Upon appeal, this court in Derr v. City of Fairview, 121 Okla. 23, 247 Pac. 45, sustained the judgment of the trial court as to the first cause of action, but reversed the judgment as to the second cause of action. By the opinion of this court it was held that the contract relied upon was invalid and beyond the authority of the city to make. As to the last cause of action, it was held that while the contract was invalid, plaintiff was in peaceable possession of the defendant's property by and through consent of the defendant; that he was a licensee; and that, under these circumstances, the law would not permit the defendant to forcibly take charge of the property placed on defendant's lands, use the same to its own benefit, and then hold plaintiff without a remedy. The concluding part of the opinion is as follows:

"We therefore hold that the plaintiff is entitled to recover as damages the value of the property taken by the city for its own use and benefit, but that he cannot recover exemplary damages as prayed for in his petition."

"The cause is remanded, with directions to proceed with cause in conformity to the views herein expressed."

After the cause had been remanded, plaintiff filed an amendment to his second cause of action, in which he set forth the reasonable value of the improvements placed upon said property, and demanded judgment against defendant for that amount.

A trial was then had to a jury, and a verdict was returned in favor of plaintiff for the sum of $4,000. Motion for new trial having been overruled, defendant has appealed. Defendant presents three assignments of error, namely: That the court erred in overruling defendant's demurrer to the evidence; that the court erred in refusing to give requested instructions Nos. 1-A and 2-A offered by defendant; and that the court erred in the giving of instruction No. 4.

The first and third assignments of error, in so far as they are argued, relate to the same matter, and will be herein considered together. Defendant does not argue its second assignment of error except to quote the requested instructions and say that it was error to refuse them. We do not see that the court committed prejudicial error in refusing to give requested instruction, and none being pointed out, we will not consider this assignment further.

Under the first assignment of error, it is argued that the evidence shows that the property placed on the park site by plaintiff was either imbedded in the earth or permanently attached to the soil so that it became a part of the real estate; that the cause was tried upon the theory of conversion, and that there was no evidence tending to prove that the property was personal property and the subject of conversion. In connection with this assignment of error, some contention is made that plaintiff was not the sole owner of the improvements. Plaintiff testified that a Mr. Conner had put some money into the improvements, but he also testified that Conner had no interest in the property. On the question of ownership, there does not appear to be any dispute so far as the pleadings and evidence disclose, unless it be the claim that the improvements became the property of defendant when attached to the soil. Under assignment No. 3, instruction No. 4 is complained of because it instructs the jury that conversion, as used in the pleadings and evidence in the case, means any distinct act of dominion wrongfully exerted by the defendant over the personal property, that is, the bath house, swimming pool and fixtures of the plaintiff in denial of or inconsistent with the rights of the plaintiff therein. This instruction further advises the jury that if the defendant, on or about April 22, 1925, took charge of the property in this manner, such acts would amount to a conversion of the property, which would entitle plaintiff to recover for the value thereof at the time of the conversion, not to exceed the amount sued for. The proposition urged under both assignments is that the improvements placed on the park site by plaintiff became a part of the real estate, could not be the subject of conversion, and, in fact, became the property of defendant. In answer to the foregoing argument, plaintiff contends: First, that it does not matter whether the improvements be personalty or realty; that the opinion of this court on the former appeal fixed the law of the case to the effect that defendant was liable to plaintiff for the reasonable value of the improvements if it forcibly and unlawfully took and withheld the same from plaintiff. Second, that it is immaterial whether the property be personalty or realty because the city took the same for public use, and is liable in damages for the value thereof under section 25, article 2 of the Constitution of Oklahoma. And third, that it was the intention of the parties in the beginning that the improvements upon the realty were to remain the property of plaintiff and be removable, under which circumstances the same are considered in law personal property.

Whether each of plaintiff's propositions is a sufficient answer to the argument advanced by counsel for defendant, and sufficient to sustain a verdict and judgment for the reasonable value of the property, we do not decide, since we are content to rest our holding on the first. The general rule is as stated in Carroll v. Worley, 127 Okla. 173, 260 Pac. 3, as follows:

"Upon successive appeals of same case to this court, the law, as determined and stated by this court upon the legal questions presented on each appeal, becomes and is the law of the case of those questions in all subsequent proceedings, either in the trial court or in this court, and where the facts are practically without dispute and substantially the same on each successive appeal, this court upon the instant appeal will not reexamine such questions as were formerly determined, but will consider only such questions as were reserved in the former decisions and those which are newly presented."

To the same effect are Kelly v. Okmulgee Gas Co., 128 Okla. 237, 262 Pac. 649; Midland Savings & Loan Co. v. Sutton, 93 Okla. 230, 220 Pac. 663, and Daniel v. Bunch, 98 Okla. 47, 223 Pac. 841.

The syllabus on this question on the former appeal is as follows:

"Where the city enters into such a lease and the lessee makes valuable improvements thereon, and thereafter the city forcibly takes possession of such property and uses it to its own benefit and purpose, the city is liable for the reasonable value of such property."

On the former appeal, the petition set forth the contract and the nature and character of the improvements, and this court held that if the city forcibly and wrongfully took possession of such property, it was liable for the reasonable value thereof. When the cause was remanded for a trial upon the second cause of action, this ques-

tion of law was decided, and, in the trial, the court was bound to apply the rule of law announced in this court. There were but two questions to be tried and determined in the trial court, namely: Did the city wrongfully appropriate the improvements to its own use without the consent of plaintiff? And, if so, what was the reasonable value of the improvements at the time of such appropriation? Under such circumstances, the measure of the city's liability having been determined on the former appeal, it did not matter whether the action was referred to by the trial court as one in conversion, or the taking of private property for public use, or whether the improvements were referred to as personal property or as real estate. There is competent evidence in the record to support a finding that the improvements were wrongfully appropriated to the city's use and benefit without the consent of plaintiff, and also sufficient evidence to support the verdict of the jury as to the reasonable value of the property.

There is an exception to the foregoing rule, as stated in Wade v. Hope & Killingsworth et al., 89 Okla. 64, 213 Pac. 549, as follows:

"The courts uniformly hold that an appellate court may review and reverse its former decision in the same case where it is satisfied that gross or manifest injustice has been done by its former decision, or where the mischief to be cured far outweighs any injury that may be done in the particular case by overruling a prior decision."

The case at bar does not fall within this exception. As stated in the opinion on the former appeal, the law would not permit the city to forcibly take charge of the property placed on its lands by its consent, use the same to its own benefit, and then allow plaintiff no remedy for his injury. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER. and HALL, Commissioners, concur.

By the Court: It is so ordered.