BARNES, *Mayor, et al.* v. HILL.

No. 577.    Opinion Filed February 2, 1909.

(99 Pac. 927.)

1.  **MUNICIPAL CORPORATIONS—Indebtedness—"Public Utility"**
    **—Public Park.** A public park is a public utility within the
    meaning of that term as used in section 27 of article 10 of the
    Constitution (Bunn's Ed. sec. 293).

2.  **SAME—Improvement of Public Park.** An incorporated city may
    in the manner provided in said section of the Constitution issue
    bonds for the purpose of constructing sidewalks around walks
    and driveways through its public park, and for the paving of
    the streets surrounding the same.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Mandamus by J. F. Hill against C. M. Barnes as mayor and
E. W. Kinnan as clerk of the city of Guthrie. Judgment for plain-
tiff, and defendants bring error. Affirmed.

This is an action for a writ of mandamus brought by the
defendant in error in the district court of Logan county against
plaintiff in error to compel the plaintiffs in error to execute and
deliver 30 public utility bonds in the sum of $1,000 each, with
coupons attached. The mayor and council of the city of Guthrie
by resolution submitted to the qualified taxpaying voters of said
city at an election held on the 23d day of June, 1908, the ques-
tion whether bonds running for 25 years for public utilities and
city improvements in the city of Guthrie, to wit, for the improve-
ment of streets including the paving thereof around Capitol
Square, should be issued. A majority of the votes cast at such
election were in favor of the issuance of the bonds. It is agreed
that said election was regularly called and held. Pursuant to the
result of the vote, the mayor and city council enacted an ordinance
on the 19th day of November, 1908, authorizing and directing
the issuance of the bonds in controversy for constructing public

utilities within the city of Guthrie, to wit, the improvements of streets and sidewalks around Capitol Square and approaches to Convention Hall, in the sum of $30,000, with interest at 5 per cent. per annum, running 25 years. Defendant in error, Hill, subsequently entered into a contract with the city of Guthrie to furnish the material and to perform the work necessary to make the improvements on Capitol Square Park by constructing approaches to, and driveways around, the Convention Hall, and sidewalks around said park; also, to pave the streets surrounding said square to the extent that the same was properly chargeable against said property. Under the terms and conditions of his contract said Hill agreed to purchase at par said bonds, or so much thereof as might be necessary to pay for such improvements, and accept the proceeds thereof in payment for said work. The mayor and city clerk refused to execute and deliver to the treasurer of the city the bonds as directed by said ordinance. From the judgment of the district court awarding the writ, this appeal has been taken.

*Tibbetts & Green,* for plaintiffs in error.

*Decius & Levy,* for defendant in error.

HAYES, J. (after stating the facts as above). The sole contention of plaintiffs in error is that the purpose for which the bonds are to be issued is not a public utility within the meaning of that term as used in section 27 of article 10 of the Constitution (Bunn's Ed. § 293). That section reads in part as follows:

"Any incorporated city or town in this state may, by a majority of the qualified property taxpaying voters, of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing, or constructing public utilities, or for repairing the same, to be owned exclusively by such city. * * *" (Snyder's Const. Okla. Ann. p. 320.)

The language of this section has already been twice before this court for construction. *State v. Millar,* 21 Okla. 448, 96 Pac. 747; *State ex rel. v. Barnes,* 22 Okla. 191, 97 Pac. 997. In each of these cases it was held that the term "public utility" as

used in said section is synonymous with "public use." In the agreed statement of facts on which the case at bar was tried in the trial court it is agreed that Capitol Square Park is owned and controlled exclusively by the city of Guthrie, and is held and maintained for the sole and separate use, benefit, and purpose of a public park for public uses and no other.

The improvements thereon, which the city is now undertaking to make, are the building of sidewalks around the park, and of walks in and through the park, including approaches to a public Convention Hall, situated in said park, and the paving of the streets around said park in the proportion that said property is required to bear the expenses of paving the streets surrounding it.

It has been frequently held by the courts that a 'public park is a public use. I Beach on Public Corporations, par. 668. This court had occasion in *State ex rel. v. Barnes, supra,* to quote the following language from the opinion of the court in *Varner v. Martin,* 21 W. Va. 534:

"Where the land is condemned for public buildings or a public park or the like, and public officers have complete control of the property, the act of the Legislature authorizing the condemnation is clearly constitutional, for the use for which the property is condemned is obviously a public use."

This language seems to be decisive of the question under consideration, and is in harmony with the doctrine of all the courts. *Shoemaker v. United States,* 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170.

The language of the Constitution is comprehensive, in that it provides that a city may become indebted for the purpose of *purchasing, constructing,* or *repairing* public utilities. The power to purchase, construct, or repair includes the power to improve land acquired for a public park, so as to adapt it for the use for which it is acquired and set apart, and in the exercise of said power the city may construct sidewalks around the park, and walks and driveways through the same, and pave the streets surround-

ing it, so as to make the same more convenient and serviceable as a public park. If the land embraced within the park in question had been improved in the manner now being provided for, and the city had subsequent to such improvement undertaken to issue bonds for the purpose of purchasing it for a public park, there could be no question of its authority to do so under said section of the Constitution. What it may do indirectly it may do directly. The improvement for the construction of which the bonds in question have been voted are to become part of the park, and, like the park, as it now stands, are to be owned and controlled by the city, and used by the public.

The judgment of the trial court is affirmed.

All the Justices concur.