HOOPER, *Mayor, v.* STATE *ex rel.* CLINE, *City Atty.*

No. 1472.   Opinion Filed July 12, 1910..

(110 Pac. 912.)

**MUNICIPAL CORPORATIONS—Bonds — Constitutional Provisions— "Public Utilities."** The first paragraph of the syllabus in T. N. Coleman v. W. B. Frame, County Clerk, et al., infra, 109 Pac. 928, is made the syllabus in this case.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; H. L. Standeven, Special Judge.*

Mandamus by the state, on the relation of J. H. Cline, city attorney, against A. F. Hooper, as mayor of the city of Hobart, to compel defendant to call an election for submission of the question of issuing bonds for street improvements. From an order granting the writ, defendant brings error. Reversed.

*Nestor Rummons,* for plaintiff in error.
*J. H. Cline,* for defendant in error.

TURNER, J. From a judgment of the district court of Kiowa county rendered and entered January 22, 1910, commanding him as mayor, by peremptory writ of mandamus, to call an election whereat there should be submitted to the qualified voters of the city of Hobart the question of issuing bonds of the city in the sum of $90,000 for the following purposes, to wit: $50,000 for the paving with asphalt of street intersections and alley crossings, together with the necessary grading, gutter, curbing, and drainage

for the same; $40,000 for public storm sewer, together with installation of necessary manholes, catch-basins, and drainage pipes, and recite therein that such paving and storm sewer were public utilities to be constructed and used exclusively by said city, pursuant to an ordinance of the city council of said city passed on December 17, 1909, plaintiff in error, defendant below, prosecutes this proceeding in error.

As it is conceded that the sole question involved in this case is whether or not the paving of street and alley intersections, together with the necessary curbing and drainage, is a public utility within the meaning of section 27, art. 10, of the Constitution, the law in this case is governed by the law laid down by this court in the case of *T. N. Coleman v. W. B. Frame, County Clerk, et al., infra,* 109 Pac. 928, where the court held, in effect, that such they were not, and in the first paragraph of the syllabus said:

"Street improvements do not constitute 'public utilities' within the meaning of the term as used in section 27, art. 10, of the Constitution, which provides that, 'any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city.'"

The judgment of the trial court is reversed.

All the Justices concur.