## DINGMAN v. CITY OF SAPULPA.

### No. 1528.   Opinion Filed September 13, 1910.

#### (111 Pac. 319.)

**MUNICIPAL CORPORATIONS — Indebtedness — "Public Utilities."**
Street improvements do not constitute "public utilities," within the meaning of the term as used in section 27, art. 10, of the Constitution, which provides that: "Any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city."

(Syllabus by the Court.)

*Error from District Court, Creek County; W. L. Barnum, Judge.*

Action by R. B. Dingman against the City of Sapulpa. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*J. J. Jones,* for plaintiff in error.
*L. J. Burt,* for defendant in error.

HAYES, J.   This proceeding is brought to reverse an order of the lower court denying an injunction. Plaintiff in error, by his petition in the lower court, seeks to enjoin the city of Sapulpa, defendant in error, from issuing and selling $30,000 of negotiable bonds for the purpose of constructing approaches to viaducts upon the streets of said city. The city is about to issue the bonds in pursuance of an ordinance of the council and an election had, at which a majority of the votes of the qualified tax paying voters of the city was cast in favor of the issuance of the bonds. Both parties agree that the only question presented by this proceeding is: Whether street improvements in the nature of approaches to viaducts constitute "public utilities," within the meaning of the term as used in section 27, art. 10, of the Constitution, which provides that:

"Any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section 26, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city."

This question was directly presented and passed upon in *Coleman v. Frame et al.*, 26 Okla. 193, 109 Pac. 928, where it was held that street improvements did not constitute public utilities, within the meaning of that term as used in said section of the Constitution; and, upon the authority of that case, the judgment of the trial court must be reversed, and the cause remanded.

All the Justices concur.