OKLAHOMA CITY et al. v. STATE ex rel. EDWARDS.

No. 2473.   Opinion Filed May 9, 1911.

1.   **MUNICIPAL CORPORATIONS—Public Indebtedness—"Public Utilities."**   The erection and equipment of public fire stations and street cleaning equipment and machinery to be owned by a city, are embraced within the term "public utilities," as used in section 27, article 10, of the Constitution.

2.   **SAME—Submission to Popular Vote—Sufficiency of Propositions.**   The terms "erecting and equipping public fire stations and purchasing equipment therefor to be devoted to the public use and to be owned by said city," and "purchasing and installing street cleaning equipment and machinery to be devoted to the public use and to be owned exclusively by said city," as contained in certain propositions submitted to the electors of a city of the first class to authorize the issuance of negotiable bonds of said city for the purchase, construction, or repair of public utilities, under section 27, article 10, of the Constitution, are sufficiently specific to apprise the voters of the nature of the public utility the city wishes to purchase, construct, or repair.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County.*

Action by the State, on the relation of R. J. Edwards, against the City of Oklahoma City and Elmer C. Trueblood, as City Treasurer.   Judgment for plaintiff, and defendants bring error. Affirmed.

*Jas. S. Twyford,* for plaintiffs in error.
*Flynn, Ames & Chambers,* for defendant in error.

KANE, J.   In the court below the State of Oklahoma, on the relation of R. J. Edwards, sought by mandamus to require Elmer C. Trueblood, as treasurer of the city of Oklahoma City, to deliver to said Edwards certain municipal bonds, which are designated as "$150,000 Fire Station and Equipment Bonds and $15,000 Street Cleaning Equipment Bonds."   The petition alleges, in substance, and the answer admits, the regularity of all the proceedings, including the election, in reference to the execution of said bonds, and that said bonds were issued under and by virtue

of section 27, article 10, of the Constitution, it being conceded that the indebtedness sought to be created thereby was in excess of the limit placed upon cities of the first class by section 26 of article 10 of the Constitution. The court below sustained a demurrer to the answer and required the delivery of said bonds. To reverse that order this proceeding in error was commenced.

The first proposition submitted to the voters was in the following language:

"The proposition of issuing the negotiable coupon bonds of the City of Oklahoma City, Oklahoma County, Oklahoma, to the aggregate amount of one hundred and fifty thousand ($150,000.-00) dollars for the purpose of providing funds for the purpose of erecting and equipping public fire stations, and purchasing equipment therefor, to be devoted to the public use, and to be owned exclusively by the said city, and the levy and collection of an annual tax sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five (25) years from their date, said bonds to be dated on the 1st day of August, A. D. 1910, to become due on the 1st day of August, A. D. 1935, and to bear interest at a rate not to exceed five per centum (5%) per annum, payable semi-annually."

The second proposition was in the following language:

"The proposition of issuing negotiable coupon bonds of the City of Oklahoma City, Oklahoma County, Oklahoma, to the aggregate amount of fifteen thousand ($15,000.00) dollars for the purpose of providing funds for the purpose of purchasing and installing street cleaning equipment and machinery to be devoted to the public use and to be owned exclusively by the said city, and the levy and collection of an annual tax sufficient to pay the interest on said bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five (25) years from their date, said bonds to be dated on the 1st day of August, A. D. 1910, to become due on the 1st day of August, A. D. 1935, and to bear interest at a rate not to exceed five per centum per annum, payable semi-annually."

The questions before this court are, Whether the terms "erecting and equipping public fire stations and purchasing equipment therefor," and "purchasing and installing street cleaning equipment and machinery," as used in said propositions were

sufficient to inform the voters of the purposes for which the proceeds of the respective bond issues were to be used; and, if such terms were sufficient to convey such information to the voters, are such purposes embraced in the term "public utilities," as used in section 27, article 10, of the Constitution? In *Frame v. Coleman, Co. Clerk, et al.*, 26 Okla. 193, the rule for stating propositions for the purchase, construction, or repair of public utilities under section 27, *supra*, is stated as follows:

"A proposition attempting to refer to the qualified property tax paying voters of a city whether said city shall be allowed to become indebted for the purchase, construction, or repair of public utilities under section 27, article 10, of the Constitution, must be stated in such specific language as to apprise the voters of the nature of the public utility the city wishes to purchase, construct, or repair."

We think the propositions herein were submitted in substantial compliance with the rule above laid down. The first proposition involves bonds voted for the purpose of erecting and equipping public fire stations and equipment therefor, to be devoted to the public use and to be owned exclusively by the city. There can be no doubt that the erection and equipment of public fire stations to be owned by the city are embraced within the term "public utilities," as heretofore defined by this court. *State v. Millar*, 21 Okla. 448; *State v. Barnes*, 22 Okla. 192; *Barnes v. Hill*, 23 Okla. 207; *City of Ardmore v. State*, 24 Okla. 862; *Coleman v. Frame*, *supra; Hooper v. State*, 26 Okla. 646; *Dingman v. City of Sapulpa*, 27 Okla. 116, 111 Pac. 319. A fire station falls within the same class as a sewer system; a water works system; convention hall; a public park, and its repair and improvement; and meets the requirements of the Constitution in regard to public use and exclusive municipal ownership. A fire station is a public utility only when placed in a condition in which it can be used for the purpose of protecting the people against fire, and the term "equipments therefor" is sufficiently comprehensive to inform the electors of the nature of the purchases necessary to make the fire station a public utility in the true sense of the term.

The second proposition is stated, it is true, in very general

terms, but as all that class of utilities are capable of being owned by the city and usually are so owned, we believe there was very little opportunity to misunderstand the scope of the proposition or that the voter would be mislead as to the class of utilities that would be purchased pursuant to such a proposition.

The judgment of the court below is affirmed.

All the Justices concur.