**STATE ex rel. CITY OF SHAWNEE v. SHORT, Atty. Gen., Ex Officio Bond Com'r.**

No. 16869—Opinion Filed Oct. 20, 1925.

(Syllabus.)

**1. Courts—Original Jurisdiction of Supreme Court—Mandamus.**

In an original application in this court for a writ of mandamus, where the public nature and importance of the case appear to justify it, this court will entertain original jurisdiction, and where a clear legal right thereto is made to appear, the writ will be issued.

**2. Municipal Corporations—Constitutional Debt Limit—Debts for Public Utilities Excluded.**

In determining whether an incorporated city or town has exceeded the debt limit prescribed in section 26, art. 10, of the Constitution, the debts incurred under the provisions of section 27, Id., for "public utilities," owned exclusively by such city or town, should be excluded.

**3. Same—Construction of Constitutional Provisions.**

Section 26, art. 10, of the Constitution, is a limitation upon legislative power to incur debts for the ordinary governmental expenses.

**4. Same.**

Section 27, art. 10, of the Constitution, is a special grant of power to incorporated cities and towns to incur debts for "public utilities" to be owned exclusively by such cities and towns. Such grant of power is conferred upon incorporated cities and towns only, and is expressly freed from the limitation prescribed in section 26, art. 10.

Original action for writ of mandamus by the State on the relation of the City of Shawnee, Cora M. Stevens, City Treasurer, against George F. Short, Atty. Gen., ex officio Bond Commissioner. Writ allowed.

Roscoe C. Arrington and Ray Evans, for plaintiff.

Geo. F. Short, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for defendant.

HARRISON, J. This is an original proceeding in this court by the city of Shawnee for a writ of mandamus, compelling the Attorney General, as ex officio Bond Commissioner of the state, to approve and certify, as required by law, certain municipal funding bonds amounting to $49,225, issued by said city to meet outstanding debts incurred for governmental purposes.

The Attorney General refuses to approve the bonds in question, until authorized to do so by order of this court, on the ground that, when added to the present outstanding indebtedness of the city, they appear to exceed the five per cent. limit prescribed in section 26, art. 10, of the Constitution.

Due to the public nature, as well as the urgent importance of the case, together with the fact that no appeal from actions of the ex officio Bond Commissioner is provided by statute, and by virtue of authority vested in this court by section 2, art. 7, of the Constitution, original jurisdiction of the matter is entertained.

Under the stipulation of facts submitted, the determinative question of law is, whether debts, incurred by the city under section 27, art. 10, of the Constitution, for "public utilities," must be included with and added to the debts incurred under sections 2, 3, and 20, Id., for "governmental expenses," in estimating whether the city has exceeded the five per cent. debt limit fixed by section 26, art. 10, of the Constitution. It is stipulated that the assessed value of property is $8,454,551, and that five per cent. thereof is $422,727.55; that the total gross amount of outstanding indebtedness of the city, including debts for public utilities owned exclusively by the city, is $1,414,550, but that $985,000 of such indebtedness was incurred under section 27, art. 10, of the Constitution, for public utilities now owned by the city, and that deducting the amount of such debts from the total amount of indebtedness leaves a balance of $429,550, incurred for purposes other than for public utilities, and that there is now on hand in the sinking fund the sum of $98,000, collected for the exclusive purpose of retiring bonds other than public utility bonds, which, when deducted from the $429,550, leaves a net balance of outstanding indebtedness of $331,550; that the difference between said $331,550, the total net indebtedness, and five per cent. of the assessed valuation, which is $422,727.55, is $91,117.55, which is the margin of indebtedness which the city may incur before reaching the five per cent. debt limit prescribed in section 26, and that if the bonds in question be approved, the indebtedness of the city will still be more than $31,000 below the debt limit prescribed in said section 26. It is also agreed that all proceedings had in the matter of issuing said bonds have been regular and in compliance with the law.

The question then is whether debts incurred for public utilities owned by the city may be excluded or deducted from the gross

total of all outstanding indebtedness in determining whether the debt limit prescribed in said section 26, art. 10, has been exceeded. This question has been answered by this court in several cases, the first being State ex rel. Edwards v. Millar, 21 Okla. 448, 96 Pac. 747, in which it was specifically held:

"Section 27, art. 10, of the Constitution, is a self-executing grant of power to the qualified property taxpaying voters of a city or town voting at an election held for that purpose, by a majority vote, to become indebted in a larger amount than that specified in section 26, art. 10, of the Constitution, for the purpose of purchasing or constructing public utilities, or repairing the same, to be owned exclusively by such city."

This construction of said section 27, and of the grant of power therein conferred upon the "qualified property tax paying voters" of incorporated cities and towns, has been recognized and followed by this court in the following cases: State v. Barnes, 22 Okla. 191, 97 Pac. 997; Barnes v. Hill, 23 Okla. 207, 99 Pac. 928; Donnegan v. Red Rock, 58 Okla. 218, 158 Pac. 1170; Ardmore v. State, 24 Okla. 862, 104 Pac. 913; Denton v. City of Sapulpa, 78 Okla. 178, 189 Pac. 532; and again in Williams v. City of Norman, 85 Okla. 230, 205 Pac. 144. Said section 27, art. 10, provides in part as follows:

"Any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose, be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city."

This section is not only an express grant of authority to become indebted for public utilities to be owned exclusively by an incorporated city or town, but it expressly excepts the exercise of such authority from the limitations prescribed in section 26, Id. The words, "may be allowed to become indebted in a larger amount than that specified in section 26," are expressive and clear.

There is an obvious distinction between the purposes of the two sections; one is a limitation upon legislative power to incur debts for ordinary governmental purposes, while the other is a grant of power to incur debts for "utilities" to be owned exclusively by incorporated cities or towns.

Section 26 is a limitation upon all legislative power, the power of the people, as well as that of the Legislature, to incur indebtedness for ordinary governmental expenses beyond the five per cent. limit.

Sections 2 and 3, art. 10, constitute a grant of authority to the Legislature to raise sufficient revenue to pay the estimated ordinary expenses of state government, and section 20 authorizes the Legislature to confer upon municipal subdivisions the power to raise revenue for their respective governmental expenses, but section 26 prescribes a limit to the amount of expenses which may be incurred and provided for, and is an express limitation upon legislative power to incur debts or to authorize them to be incurred in excess of such limit.

But section 27 is an express and independent grant of power for distinctly different purposes, and is based upon a different economic principle from that upon which section 26 is based. It authorizes debts to be incurred for public utilities upon the theory that such utilities may become assets of the city or town against its liabilities and may possibly become a source of saving or profit to such city or town. This grant of authority is extended only to incorporated cities and towns and in said section expressly freed from the limitation prescribed in section 26.

For these reasons and in view of the stipulation of facts submitted, the city has shown a clear right to the writ.

It is therefore ordered that a writ of mandamus be issued to the Attorney General, as ex officio Bond Commissioner of the state, directing him to approve the bonds in question and to certify the same, as required by law.

All the Justices concur.

Note.—See under (1) 15 C. J. p. 1108, § 540. (2) 28 Cyc. p. 1545. (3) 28 Cyc. p. 1542 (Anno). (4) 28 Cyc. p. 1542.