STATE ex rel. CITY OF SHAWNEE V. WILLIAMSON, Atty. Gen.

*97 P. 2d 74.*

No. 29364.   Dec. 19, 1939.

Randall Pitman, Tom C. Waldrep, and William R. High, of Shawnee, for relator.

Mac Q. Williamson, Atty. Gen., and Stephen D. Holloway, of Oklahoma City, for respondent.

HURST, J. This is an original action for a writ of mandamus, filed by the relator, city of Shawnee, against respondent, Williamson, as Attorney General and ex-officio Bond Commissioner, to require the approval of a bond issue. Respondent refused to approve the bonds on two grounds: First, that the proposed issue would make relator's debt exceed the limits contained in section 26, art. 10, of the Oklahoma Constitution; and, second, that the proposed issue is not for a legally authorized purpose. The parties have, at the suggestion of the court, filed a stipulation as to the financial condition of the city of Shawnee, which is as follows:

"It is hereby stipulated and agreed by and between the above-named relator and respondent that the total indebtedness including judgments of the city of Shawnee is $1,781,400; that the above amount includes bonds issued under and by virtue of section 27, article 10 and section 26, article 10, of the Constitution of the state of Oklahoma, and includes the bond issue under consideration in this cause. That part of said indebtedness represented by bonds issued exclusively under authority of section 27, article 10, amount to $1,379,303.82, and that part of said total indebtedness including the issue under consideration incurred under authority of section 26, article 10, Oklahoma Constitution, is $402,096.18.

"It is further stipulated that the assessed valuation of said city for the fiscal year 1938 and 1939, after deducting homestead exemptions, is $6,244,149, and that the assessed valuation of said city for the fiscal year 1939 and 1940, after deducting homestead exemptions, is $5,891,246.

"It is further stipulated that said city of Shawnee has and maintains only one sinking fund which is not treated for the purpose of paying sinking fund obligations as being allocated for the payment of the several classes of sinking fund debt. Out of said sinking fund all of the bonded debt and the interest thereon is paid, regardless of how or under what authority said bonded debt was incurred. Said fund is also the source of payment of the judgment indebtedness of said city. It is further stipulated that at the present time there is the total amount of $321,280.61 in said sinking fund.

"It is further stipulated that by referring to the books and records of the city of Shawnee, Oklahoma, the parties hereto have ascertained that of said total sinking fund balance of $321,280.61, the sum of $39,837.92 was levied and collected exclusively by reason of the existence of the indebtedness incurred exclusively under authority of section 27, article 10, Oklahoma Constitution, and the sum of $281,442.69 was levied and collected exclusively by reason of the existence of indebtedness incurred exclusively under the provisions of section 26, article 10, Oklahoma Constitution."

1. It is clear that the city may incur a debt not to exceed $294,562.30 for purposes other than those specified in section 27, art. 10, of our Constitution. In determining the amount of the present indebtedness to which the limitation of section 26 of article 10 of the Constitution applies, we must deduct from the aggregate gross debt the sum of $1,379,303.82 incurred under section 27 of article 10 of the Constitution. State ex rel. City of Shawnee v. Short (1925) 113 Okla. 187, 240 P. 700; Faught v. City of Sapulpa (1930) 145 Okla. 164, 292 P. 15; City of Pawhuska v. Pawhuska Oil & Gas Co. (1926) 118 Okla. 201, 248 P. 336. After making this deduction it appears that the gross debt not incurred under authority of section 27 is $402,096.18. But section 26 has been held to apply to the net debt only, which is arrived at by deducting from the gross debt the sinking fund on hand. State ex rel. v. Short, supra. Prior to the filing of the stipulation the parties were in disagreement as to whether the total

sinking fund should be deducted from the sum of $402,096.18. Relator contended that such deduction was authorized by State ex rel. v. Short, supra, while respondent as strongly argued that the single sinking fund theory rendered that decision inapplicable and that such deduction would violate section 26 for the reason that a portion of the sinking fund must be applied to retire section 27 debts.

In view of the stipulation it seems clear that so much of the sinking fund as was raised by reason of indebtedness to which the limitation of section 26 applies may be deducted in computing the city's net indebtedness, unless such deduction conflicts with the decisions in McMahan v. Board of Education of Oklahoma City (1930) 142 Okla. 110, 285 P. 953; In re Tax Levies of City of Woodward (1930) 143 Okla. 204, 288 P. 459; Hampton v. Hamilton Construction Co. (1935) 173 Okla. 282, 48 P. 2d 273, and others, holding that the sinking fund is single and indivisible. We do not think that the above decisions prohibit the consideration of the proportion of the sinking fund raised by reason of the different classes of indebtedness, and the deduction of that part raised by reason of indebtedness to which the limitation of section 26 applies, in ascertaining its net indebtedness under section 26. The division is for the purpose of computation only, and does not earmark or segregate any part of the fund to retire any particular debt, and in no manner hinders or prevents the use of the sinking fund as required by section 28, article 10, of the Constitution, and the decisions above referred to.

After such deduction is made, it appears that the city's total net indebtedness to which the limitation of section 26 is applicable, including the proposed issue, is $120,653.49, which is well under the 5 per centum limitation of section 26. We therefore hold that the proposed bond issue does not exceed the limitation of section 26, and that respondent's first objection to approving the bonds is not tenable.

2. Respondent, by his second objection, asserts that section 6383, O. S. 1931, 11 Okla. St. Ann. § 645, which is relied on by relator as authorizing the bond issue, has been superseded by the Constitution and subsequently enacted statutes, and is no longer operative. This section authorizes the city council of any city to provide for making improvements of a general nature, and to borrow money for such purposes, and to issue bonds therefor, upon approval of three-fifths of the qualified property taxpaying voters. While it is true that section 27, article 10, of the Constitution, and later legislation, have dealt specifically with many of the improvements generally provided for in this section, and thus to some extent overlapped or superseded it, respondent admits that there may be some improvements of a general nature not embraced in the Constitution or subsequent legislation which might be within the scope of this section, and suggests no reason why it is not applicable thereto.

The bonds sought to be issued in the present case are for the opening of a street crossing across the tracks and right of way of the Atchison, Topeka & Santa Fe Railway in the city of Shawnee, an improvement which will be of benefit to the whole community. The portion of the street included in the railroad right of way had been vacated by the city in 1902, but recently the railroad has agreed to give the city a crossing on this street, provided the city will construct such crossing at its expense. It thus appears that the crossing is not an improvement local in character, so that the cost thereof may be assessed against adjacent property owners, but is general in its nature, and that the cost thereof should be borne by the whole community. Its need is not denied by respondent.

Such an improvement is not a public utility within the grant of power contained in section 27, article 10, of the Constitution. Coleman v. Frame (1910) 26 Okla. 193, 109 P. 928. But we think it an improvement such as provided for in section 6383, supra. In Stone v. Bonaparte (1930) 148 Okla. 70, 297 P. 228, this court pointed out that section 6383

authorized the issuance of bonds for the purpose of paying for street improvements of a general nature, and in Severns Paving Co. v. Oklahoma City (1932) 158 Okla. 182, 13 P. 2d 94, it stated that the cost of paving street and alley intersections was payable either out of the general revenue, or as provided in section 6383, by the issuing of bonds. While the holding in these cases is perhaps dictum, as asserted by respondent, we think it correctly states the law, and shows that section 6383 was not considered devitalized by subsequent legislation, or by section 27, art. 10, of the Constitution. We are of the opinion that bonds may be issued for the purpose of constructing this improvement under that section of our statute.

Respondent also asserts in this connection that the proposition submitted to the voters of the city of Shawnee was so worded as to enable relator to use the funds derived therefrom for paving purposes, and that bonds may not be issued for that purpose, citing Severns Paving Co. v. Oklahoma City, supra. We agree that such is the law, but disagree with respondent's construction of the wording of the proposition. We think it fairly shows that the paving, curbing, and other work specified is to be done only on that portion of the street sought to be improved, which is particularly bounded and described, and is incidental to the construction of the crossing. We do not consider that anything contained in Severns Paving Co. v. Oklahoma City, supra, prohibits the issuance of bonds for a project where the expenditure of a portion of the fund for paving is incidental and necessary to the completion of the improvement. Its use for the paving of any other portion of such street would be illegal, under the holding in Severns Paving Co. v. Oklahoma City, supra, and in direct contravention of section 16, art. 10, of the Constitution. In the brief and argument on behalf of the city, the statement is made that the only improvement to be made is upon the particular portion described, which statement agrees with our interpretation of the proposition submitted. We do not consider this objection well taken.

Relator is entitled to the writ of mandamus, and it is accordingly granted.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, and DAVISON, JJ., concur. DANNER, J., absent.