STATE ex rel. CITY OF ADA v. WILLIAMSON, Atty. Gen.

No. 34105.   June 22, 1949.

*207 P. 2d 922.*

Mack M. Braly, of Ada (George J. Fagin, of Oklahoma City, of counsel), for plaintiff.

Mac Q. Williamson, Atty. Gen. and Mainard Kennerly, Asst. Atty. Gen., for defendant.

Thomas P. Holt, of Ada, amicus curiae.

WELCH, J.  This action presents the question whether the Attorney General should be required in mandamus to approve certain so-called public utility bonds of the city of Ada, Okla.

Respondent had declined or refused to approve the bonds on two grounds: (1) That the expenditure purpose did not constitute a public utility within the meaning of section 27, art. 10 of the Constitution of Oklahoma, and (2) that the contemplated improvement

when constructed with the bond money would not be owned exclusively by the city as required by further provision of said section of the Constitution.

The construction or improvement project contemplates a thoroughfare or through street entirely across the city traversing certain named streets and connecting the highway entrance or entrances into the city on the west side with similar entrances on the east side, designed primarily to direct highway traffic over that way through the city, but also available for use in going from one point to another within the city limits.

Upon consideration of the stipulation of facts, it is apparent the contemplated improvement or so-called utility will fall clearly within the classification of street improvement in the city limits of Ada as considered in several former decisions of this court, and will not and does not constitute a "public utility" and will not be "owned exclusively by the city," within the provisions and contemplation of section 27, art. 10 of the Oklahoma Constitution.

This court has several times considered the same question and arrived at the same answer. See Coleman v. Frame, 26 Okla. 193, 109 P. 928; Hooper, Mayor, v. State, 26 Okla. 646, 110 P. 912; Dingman v. City of Sapulpa, 27 Okla. 116, 111 P. 319; In re Bonds of Guthrie, 35 Okla. 494, 130 P. 265; In re City of Miami, 43 Okla. 205, 141 P. 1174; Hood v. Jones, 174 Okla. 372, 50 P. 2d 1124, and State v. Williamson, 186 Okla. 278, 97 P. 2d 74.

Plaintiff emphasizes the character of the construction and improvement intended to be made. It is true that such improvement is more expansive, comprehensive and pretentious than ordinary street improvement. The contemplated project would be street improvement on a more important scale and of more value to the city than ordinary street repair or street improvement. And plaintiff contends that the factual difference justifies a distinguishing of the above-cited decisions. But in final analysis the improvement project here contemplated is street improvement and the difference from the other cases is in degree or extent only. There is no basic difference.

We do not feel at liberty to depart from the construction of the Constitution set out in detail in those former decisions, nor to undertake to distinguish this case from those above cited.

A construction of the Constitution, so definitely stated in those cases, and adhered to consistently since 1910, should not be readily departed from. We do not mean to detract from the great value of the contemplated improvement to the streets of Ada. It may well be that such improvement should be constructed when it can be done without necessity for the strained construction that it is a "public utility" to be owned "exclusively by the city" under the above-cited provisions and restriction of the Constitution.

It is our duty to hold that petitioner has not shown a clear legal right to the relief sought, and mandamus is denied, upon authority of the decisions above cited.

Affirmed.