Robert Q. BEKINS, Plaintiff in Error,

v.

The CITY OF TULSA, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 37353.

Supreme Court of Oklahoma.

July 2, 1956.

Harold C. Harper, Tulsa, for plaintiff in error.

T. A. Landrith, Jr., City Atty. for the City of Tulsa, John W. Hager, R. E. Lavender, K. Bill Walker, E. L. Lashley, and R. K. McGee, Asst. City Attys., Tulsa, for defendant in error.

BLACKBIRD, Justice.

At an election held in Tulsa, Oklahoma, in 1952, said City's voters gave their approval to its issuance of municipal bonds in the amount of $450,000 to be known as Library Improvement Bonds, which, according to the ballot title voted on, was: "* * * to provide funds for the purpose of purchasing, repairing, improving and equipping public libraries * * * (etc.)."

It is conceded that said bonds were voted and subsequently issued under the claimed authority of the Oklahoma Constitution's Art. X, § 27, which provides such method by which incorporated cities or towns may exceed the municipal debt limit specified in section 26 of said Article, "* * * for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively * * *" by them.

Having obtained a 99-year lease on the former Tulsa County Court House for the purpose of housing its public library, said City, acting through its governing body, or City Commission, adopted, on April 24th of this year, a resolution authorizing the expenditure of $100 of the proceeds of the sale of the aforesaid Library Improvement Bonds for the repair and/or remodeling of windows in said building.

Thereafter, plaintiff in error, a taxpayer of said City, instituted the present action, as plaintiff, against said City, as defendant, to permanently enjoin and/or restrain it from expending said sum for said purpose on the ground that such expenditure would be illegal because not authorized under the above-cited provisions of the Constitution. After the filing of both an answer and reply, the trial court sustained the defendant's motion for judgment on the pleadings; and plaintiff has lodged the present appeal. Our continued reference to the parties will be by their trial court designations.

Plaintiff's position that the trial court erred in denying him, by its judgment, the injunction and/or restraining order he sought, is based solely upon his interpretation of the language of Art. X, § 27, supra. He contends not only that a public library is not included within the meaning of the term "public utilities" as used in said section, but also that the building on which the fund in question is proposed to be spent, being only leased by the City, is not, and cannot, be "owned exclusively" by the City within the meaning of that expression as it appears in said section. Among others, he cites the case of Coleman v. Frame, 26 Okl. 193, 109 P. 928, 31 L.R.A.,N.S., 556, in which this Court held that street improvements do not constitute "public utilities" as used in said section. In the opinion in that case, it was pointed out that municipal control of streets is subject to the paramount authority of the State and that the State's legislative power over them is subject to the special interests of abutting owners, the City's interest or estate therein being in the nature of only an easement, while the fee remains in the abutting owners.

The term "public library" does not always include the building in which it is housed, but it does always include the books, periodicals, manuscripts and papers contained therein. Here, there is no question but that the contents of the library involved belong to and are owned exclusively by the City of Tulsa. Nor can there be any doubt but that it is maintained by said City for "public use." In this connection, see Sharp v. Police Jury, 194 La. 220, 193 So. 594, and City of Tulsa v. Williamson, Okl., 276 P.2d 209, 214. In the latter case, this Court held that the same city here involved could, under the same provision of the Constitution here involved, lawfully vote and issue bonds for public museum purposes. We see no distinction between a public museum and a public library in their material "public use" aspects. In that case we referred to the rule that "* * * where the legislative judgment has been declared as to whether a given use is a public use, that judgment will not be overturned by the courts, unless it is clearly apparent that the same is without reasonable foundation."

Long before the voters of Tulsa had, by the aforesaid election, placed their stamp of approval on the issuance of the bonds for public library purposes, our State Legislature authorized the establishment and maintenance of public libraries by cities. See O.S.1951, Tit. 11, § 671 and Tit. 65, §§ 71–81. In holding that a public park is a "public utility" within the contemplation of section 27, supra, this Court in the early (1909) case of Barnes v. Hill, 23 Okl. 207, 99 P. 927, 928, said:

"The language of this section has already been twice before this court for construction. State v. Millar, [21 Okl. 448] 96 P. 747; State v. Barnes, [22 Okl. 191] 97 P. 997. In each of these cases it was held that the term 'public utility' as used in said section is synonymous with 'public use.' * *"

There, this court also pointed out the comprehensiveness of the terms said section uses in setting forth the purposes, with reference to public utilities, for which funds can be raised under its authority; and noted that the power to use such funds for "purchasing", "constructing", or "repairing" a public utility includes the power to "adapt it for the use for which it is acquired * * *". It was there held that streets surrounding a public park could be paved with funds raised in the manner contemplated by section 27, supra (without mention of the fact that such streets, in Oklahoma, at least, cannot be regarded as owned by the city, as pointed out in Coleman v. Frame, supra). The "doctrine" of the Barnes case, referred to and followed in City of Ardmore v. State ex rel. Best, 24 Okl. 862, 104 P. 913, and applied in other more recent cases to various municipal projects, was not mentioned in the Coleman case and still stands as a correct interpretation of section 27, supra.

There is no contention made in the present case that the proposed work on the library building's windows is not a necessary part of adapting the Tulsa Library to the public use for which said library was acquired, and is exclusively owned, by the City. We therefore assume that is conceded. Accordingly, under the Barnes case, we do not think it an obstacle to the legality, under section 27, supra, of such an expenditure that the building in which the windows are located, and the library is housed, is not "owned exclusively" by the City within the narrow or strict meaning of that term. It follows that the undisputed facts presented in the pleadings in this case did not show a clear legal right to the injunctive relief plaintiff sought, Jones v. Bayless, 208 Okl. 270, 276, 255 P. 2d 506, 513, and the trial court properly sustained defendant's motion for judgment on the pleadings. Whipps v. Kling Bros. & Co., 182 Okl. 382, 78 P.2d 291. Its judgment is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.