The TOWN OF NICHOLS HILLS, an In-
corporated town, Plaintiff,

v.

Mac Q. WILLIAMSON, Attorney General and
Ex-Officio Bond Commissioner of the
State of Oklahoma, Defendant.

No. 38172.

Supreme Court of Oklahoma.

March 25, 1958.

Robert O. Bailey, Town Atty., Town of
Nichols Hills, Oklahoma City, for plain-
tiff.

Mac Q. Williamson, Atty. Gen., Lynnie
Clayton Spahn, Asst. Atty. Gen., for de-
fendant.

JACKSON, Justice.

This is an original proceeding brought
in this court wherein The Town of Nichols
Hills seeks a writ of mandamus against
the Attorney General requiring him, as
Ex-Officio Bond Commissioner of the State
of Oklahoma, to approve a bond issue voted
by the people of said town under the pro-
visions of Sec. 27, Art. 10, Oklahoma Con-
stitution, for the purpose of enlarging and
improving its fire department.

The sole ground presented by the Attor-
ney General for disapproving the bond is-
sue is that the language of the proposition
submitted to the voters of The Town of
Nichols Hills in setting forth the purpose
of the bond issue was *too general*, and did

not sufficiently apprise the voters of the purpose of the proposed indebtedness.

The purpose of the bond issue as stated in the proposition is as follows:

" * * * for the purpose of enlarging and improving the Fire Department of The Town of Nichols Hills, to be owned exclusively by said town, * * *."

Sec. 27, Art. 10, Oklahoma Constitution, authorizes any city or town to become indebted in an amount exceeding the debt limit specified in Sec. 26, Art. 10, Oklahoma Constitution, provided the indebtedness is incurred "for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city."

In the third paragraph of the syllabus in State ex rel. Edwards v. Millar, 21 Okl. 448, 96 P. 747, this court held:

"The term 'for the construction of waterworks in said city, to be owned and operated by said city,' printed on ballots used at an election held for the purpose of submitting to the qualified electors of a municipality the question of incurring indebtedness for the construction of public utilities under section 27, art. 10, of the Constitution, is sufficiently comprehensive to include such work as re-equipping and making extensions to an existing waterworks system."

■ In Oklahoma City v. State ex rel. Edwards, 28 Okl. 780, 115 P. 1108, it is held in the first paragraph of the syllabus as follows:

"The erection and equipment of public fire stations and street cleaning equipment and machinery to be owned by a city, are embraced within the term 'public utilities,' as used in section 27, art. 10, Const."

In our opinion a municipal Fire Department, though more comprehensive than a "public fire station", is likewise a "public utility".

■ We have carefully considered the proposition submitted to the voters of The Town of Nichols Hills and are of the opinion that it sufficiently apprised the voters of the purpose for which the funds were to be used.

The Attorney General disapproved the bonds upon the ground that the proposition voted by The Town of Nichols Hills is "substantially the same as the proposition in Coleman v. Frame, 26 Okl. 193, 109 P. 928 [31 L.R.A.,N.S., 556]."

In that case the proposition presented to the voters was as follows [26 Okl. 193, 109 P. 929]:

"Shall the city of Ardmore, Okla., be authorized to issue the negotiable bonds of said city in the aggregate amount of $20,000 to raise means for its improvement of the fire department?" (Emphasis supplied.)

The court held that this proposition was too general.

It will be observed that the proposition presented to the voters in the Coleman case did not include the words "to be owned exclusively by such city", or words of similar import. That case is the only case that has been cited or that has come to our attention wherein the words "to be owned exclusively by such city", or words to that effect, have been eliminated from the proposition. An examination of the cases that have been presented to this court will support the conclusion that attorneys who have prepared the proceedings for bond issues, for cities and towns, since the adoption of our Constitution are of the opinion that before Section 27, Article 10, Oklahoma Constitution, can be invoked the proposition must disclose that the purpose of the proposed indebtedness is (1) for purchasing, constructing, or repairing public utilities; and (2) to be owned exclusively by the city or town. This court has obviously been of the same opinion although it has never expressly so held. We are of the opinion that the proposition presented in the Coleman case would have been sufficient if

the words "to be owned exclusively by such city" had been included in the proposition.

The Attorney General has suggested that if we should conclude that the proposition as submitted to the voters of The Town of Nichols Hills is sufficient it would be helpful to him in his office as Ex-Officio Bond Commissioner, and to the cities and towns of Oklahoma, if we would clarify the language appearing in the last two pages of the Coleman case. The language referred to is as follows:

"* * * The term 'fire department improvements' includes, no doubt, many things that may be 'public utilities'; but it also includes many things that are not. By section 946, Comp. Laws Okla.1909, all incorporated towns, cities, and municipal corporations in this state are authorized and empowered to purchase, erect, lease, rent, manage, and maintain any system or part of system of waterworks, hydrants, and supply of water, telegraphing, fire signals, or fire apparatus that may be of use in the prevention and extinguishment of fires, and to assess, levy, and collect taxes for said purposes, and to do all acts necessary to carry such lease and contracts of purchase, erection, or maintenance into effect. All such property purchased to be exclusively owned by the city, under the former decisions of this court, may well be classed as 'public utilities'; but before section 27, (Art. 10, Const.), supra, may be invoked to authorize their purchase, construction, or repair, it will be necessary to submit the question of its purchase to the people in such a way that the funds arising from the indebtedness incurred may not be used for any other purpose. A proposition attempting to refer to the qualified property tax paying voters of a city whether said city shall be allowed to become indebted for the purchase, construction, or repair of public utilities under section 27, art. 10, of the Constitution, must be stated in such specific language as to apprise the voters of the nature of the public utility the city wishes to purchase, construct, or repair."

The quoted language is not susceptible of an unequivocal interpretation. Considered in context with the preceding portion of the opinion it appears that the author of the opinion might have been concerned with the fact that the proposition failed to specify exclusive ownership, and concluded that the proposition was defective for this reason. As we have hereinabove observed, this is a proper conclusion.

On the other hand, the statement that the term "fire department improvements" includes, no doubt, many things that may be "public utilities", but many things that are not, coupled with the further statement that it will be necessary to submit the question "in such a way that the funds arising from the indebtedness incurred may not be used for any other purpose" suggests that the author of the opinion intended to hold that the proposition must negative the possibility that the money might be used for anything other than "public utilities". If so, this is an erroneous conclusion. There does not come to mind any example that will sustain the court's statement that many improvements to a Fire Department would not be classified as "public utilities". However, if the improvements are to be devoted to a private use, as distinguished from a public use, the statement would undoubtedly be true.

We see no reason to consider a Fire Department any differently than a waterworks system, or an electric light plant, as to which we have held that a general statement of the utility to be constructed, purchased, repaired or improved, is sufficient.

■ Of course the proposition must state the purpose for which the money is to be used, Borin v. City of Erick, 190 Okl. 519, 125 P.2d 768. But this only requires a *general* statement of the purpose. Sec. 16, Art. 10, Oklahoma Constitution, prevents the use of such funds for any other purpose than the *general* purpose stated.

If the city authorities should use, or attempt to use, the fund for a purpose within the limits of the *general* purpose stated, but for something which is not a "public utility", the taxpayer is fully protected, because funds voted under Sec. 27, Art. 10, of the Constitution, cannot be used for any purpose other than a "public utility". As to any violation or attempted violation of the Constitution in this respect, the taxpayer has the same remedies as he would have if the city officials attempted to use funds for some purpose other than the *general* purpose stated, in violation of Sec. 16, Art. 10, of the Constitution. For a discussion of this question see Town of Afton v. Gill, 57 Okl. 36, 156 P. 658.

Writ granted.