**CITY OF SALLISAW, Oklahoma, Plaintiff,**

**v.**

**Charles NESBITT, Attorney General, and, ex officio, Bond Commissioner of the State of Oklahoma, Defendant.**

**No. 40474.**

Supreme Court of Oklahoma.

March 12, 1963.

Rehearing Denied April 16, 1963.

955

Wm. S. Agent, City Atty., for City of Sallisaw.

Leon S. Hirsh, James C. Harkin, Paul Johanning, Oklahoma City, for plaintiff.

Charles Nesbitt, Atty. Gen., for defendant.

WELCH, Justice.

Plaintiff seeks a writ of mandamus against the Attorney General requiring him, as Ex-Officio Bond Commissioner of the State of Oklahoma, to approve two bond issues voted by the people of Sallisaw under the provisions of Sec. 27, Art. 10, Oklahoma Constitution, for the purposes, respectively, of incurring indebtedness by issuing bonds in the sum of $158,000.00 for extending and improving the waterworks system, and incurring indebtedness by issuing bonds in the sum of $101,000.00 for extending and improving the electric system and the electric distribution system, both public utilities to be owned exclusively by said City.

The ground presented by the Attorney General for disapproving the bond issues is that the ballot titles and city ordinances authorizing the election had in connection with said issues did not reveal that, if passed, the revenue derived therefrom would be supplemented with federal grants, and that, therefore, such non-disclosures of a federal grant would contravene Sec. 16, Art. 10, Oklahoma Constitution. The latter provision requires that the purpose for which the money to be borrowed through the bond issues be specified. It is admitted that all proceedings taken preliminary to and in the issuance of each of the subject issues of bonds otherwise complied with the procedures prescribed.

The requirement of Sec. 16, Art. 10 of the Constitution that:

"All laws authorizing the borrowing of money by and on behalf of the State.

county, or other political subdivision of the State, shall specify the purpose for which the money is to be used, and the money so borrowed shall be used for no other purpose."

suffers no violence by the word "purpose" being given a meaning distinct from the word "amount" so long as accord be given to the concluding part of said section, to-wit: " * * * and the money so borrowed shall be used for no other purpose."

■ We expressed that view in Tettleton v. City of Duncan, 200 Okl. 631, 198 P.2d 740, as to a situation where the city had on hand approximately $36,000.00 proceeds from a prior bond issue voted for the purpose of sewer extension, and voted $50,-000.00 for the purpose of sewerage extension without reference to the matter of combining the two amounts in extending the sewerage facilities. Therein we said the fact that a balance existed from an earlier bond issue from which expenditures for a like purpose were contemplated does not indicate that the money from the $50,000.00 issue was to be used for another or different purpose than for which it was borrowed. In syllabus one of such case we held that the issue was not illegal by reason of the supplementing thereof of funds legally available for the same purpose. Consequently, when there may be contemplated the supplementing of money derived from sale of bonds with federally granted funds without an obligation other than that voted, the absence of mention of such possibility in the ballot titles and city ordinances authorizing the election in connection with such issues does not render the issues illegal and void.

If, as was stated in Town of Nichols Hills v. Williamson, (Okl.) 323 P.2d 733, the city authorities here should use, or attempt to use, the funds derived from the issues for a purpose other than within the limits of the general purpose set forth in the proceedings for which the respective issues were voted the taxpayer is fully protected by Sec. 27, Art. 10, of the Constitution.

■ While the Attorney General is well within his rights, and is in proper discharge of his duties when he presents this question so that the point could be judicially decided, yet, we find the bond issues here involved fully merit approval. Therefore it is our duty to require and order that the Attorney General approve both bond issues, and accordingly the writ of mandamus is granted so requiring such action.

Writ granted.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

## SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

PER CURIAM.

In a petition for rehearing it is suggested that the opinion rendered herein cannot be reconciled with the opinion of this court in the case of Borin v. City of Erick, 190 Okl. 519, 125 P.2d 768. With this we do not agree.

Under the facts in the Borin case, the promised Federal Grant was a part of the official records of the municipality, upon the faith of which the electors were induced to approve the bond proposition and the grant was withdrawn prior to delivery of the bonds. The municipal officials sought to sell the bonds notwithstanding. Under such circumstances, the conclusion was there reached to enjoin the sale of the bonds.

Upon a promised grant of $50,000.00 the people there voted bonds for $60,000.00 on the overall plan and purpose to build a $110,000.00 power plant. When the $50,-000.00 grant was withdrawn the original plan and purpose was disrupted and it was reasoned in the opinion that the electors who voted the $60,000.00 bond issue to build a $110,000.00 power plant might not have been satisfied to vote $60,000.00 bond issue to build a $60,000.00 plant.

In the case at bar if a federal grant was anticipated, no harm was done, because the

promised grant had not been withdrawn. Thus the facts clearly distinguish this case from the Borin case.

It is urged that if this opinion stands the Borin case should be expressly overruled, but we do not agree. It would be enough to reconsider the Borin case and adhere to it or overrule it when we have a case of the same facts. That is, when we have a case where a promised and anticipated grant is officially coupled with the bond issue and the grant is withdrawn and is of sufficient amount in relation to the amount of the bond issue to disrupt or vitally change the original plan. All these facts were present in the Borin case, but they are not all present here. Whatever part the promised grant played in this bond issue it was not withdrawn so as to cause any change in the original plans.

The scope of the Borin decision was discussed in Price v. Storms, 191 Okl. 410, 130 P.2d 523, and in Palmer v. Town of Skiatook, 203 Okl. 316, 220 P.2d 273, and in the latter decision we appropriately emphasized the fact that the grant was withdrawn in the Borin case.

Similar fact differences from the Borin case are easily observed in the Tettleton and Town of Nichols Hills cases cited in the majority opinion here.

It might well be that these cases, Price, Palmer, Tettleton, Town of Nichols Hills, and Sallisaw indicate a restriction of the Borin rule to apply only to cases of similar facts, but we find no occasion in this case to overrule Borin.

There the bonds being valid on their face, the Attorney General approved them, and Borin brought the action to enjoin sale and delivery of the bonds, and in reality there the decision was that under the circumstances shown, and the action being timely brought, it should be held to be illegal to sell and deliver the bonds.

Bond purchasers cannot be expected to go behind every bond proceedings transcript to ascertain what unofficial inducements were offered to the electors to approve bond issues. Reid v. City of Muskogee, 137 Okl. 44, 278 P. 339. If extraneous considerations are of sufficient import to make a sale of the bonds improper, taxpayers have the remedy of enjoining *the delivery* of the bonds during the 30-day period provided by 62 O.S.1961 § 13.

We adhere to our opinion promulgated herein and deny the petition for rehearing.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.